TEXAS BROKERAGE COMPANY v. JOHN BARKLEY & COMPANY.

Decided April 27, 1910.

**1.—Agency—Sale—Broker Purchasing for Himself.**

A broker being agent for the seller, can not become himself the purchaser, and if the contract be executory, the seller, on discovering that the broker was secretly the actual purchaser or interested in the purchase, may disaffirm and refuse to carry out the contract, though no injury was done him in the transaction.

**2.—Same—Ratification.**

The sale by a broker to himself is valid if made with the knowledge and approval of the principal or if ratified by the principal performing or retaining the proceeds of the sale after knowledge of the broker's interest in the purchase.

**3.—Same—Refusal to Complete Sale.**

Where there was no performance, the seller having refused to carry out the contract because of a controversy as to the quality of the goods tendered by him, he was not, on afterwards discovering that his broker was interested in the purchase, precluded from defending on that ground an action for damages for his failure to comply by the fact that he had previously refused compliance on other grounds, and it was immaterial whether such other grounds justified his refusal to comply.

**4.—Same—Broker's Commissions.**

A broker who, without the knowledge of his principal, became interested as a purchaser in the sale made by him of the principal's goods, was not entitled to his commissions on such sale.

**5.—Case Stated.**

A broker, who was also a merchant, sold goods of his principal, on his own account, to purchasers to whom he directed delivery of the goods by his principal as on sale by them through him upon commission. A disagreement arising between the principal and the purchaser as to the quality of goods tendered, the former terminated the contract on the ground of the latter's

refusal to receive, and the buyers transferred to the broker their claim for damages by nonperformance. The broker then sued the seller for damages, alleging his own purchase, his sale to the second buyer on different terms, the refusal to deliver, the transfer of claim from such buyer to him, and as damages the enhanced price at which he was compelled to purchase other goods to fill the contract. Held, that he had no cause of action either for commissions as broker or damages as purchaser, there being no knowledge by his principal of his interest in the sale or other fact from which ratification could be inferred; that the purchaser, having no contract with the principal, but buying from the broker as from a merchant, had no action for damages against the defendant and could transfer none by his assignment.

Appeal from the District Court of McLennan County. Tried below before Hon. Richard I. Monroe.

*Jno. W. Davis,* for appellants.—Where a broker asks for prices from a party, this of itself does not constitute him a broker or agent for such party. Costner v. Richardson, 33 Pac., 163. Parol evidence is admissible to show intention, when not contradictory of the written contract. 1 Am. & Eng. Enc. and notes, p. 1121. Person who negotiates for himself can be a broker. Warren v. Shook, 91 U. S., 704; United States v. Cutting, 3 Wall., 441. Extrinsic evidence is admissible to explain written instruments. Willis v. Bank, 30 S. W., 81; Bender v. Prior, 31 Texas, 342; Donley v. Tindall, 32 Texas, 43; Hammon v. Keegwig, 39 Texas, 45; Goldmand v. Blum, 58 Texas, 640; Brooks v. Young, 60 Texas, 35. Parol evidence is admissible to explain or make certain ambiguous contracts. Dewees v. Lockhart, 1 Texas, 537. Parol evidence may be admitted to show import of instrument, and it is province of jury to fix meaning and intention of parties. Roberts v. Short, 1 Texas, 383; Kirk v. Brazos Co., 73 Texas, 59. If there is any evidence tending to show plaintiffs' cause of action it should be submitted to jury. Missouri, K. & T. Co. v. Yale, 65 S. W., 57; Texas Bro. Co. v. Barkley, 109 S. W., 1001. Agent may bind himself. 1 Am. & Eng. Ency., 1120. Parol evidence admissible to show intent. 1 Am. & Eng. Ency., 1054; Maryland Coal Co. v. Edwards, 4 Hun, 432; Crum v. Boyd, 9 Ind., 289. Privity not necessary. Sheldon on Sub., sec. 93. Payment from moral obligation or by reason of liability will not be regarded as payment by a stranger and will not extinguish the debt. Sheldon on Subrogation, 245; The Jersey City, 43 Fed., 166; Farmers Bank v. R. R., 72 N. Y., 188; Pease v. Egan, 110 N. Y., 43. Subrogation may arise by implication to prevent fraud or injustice. Cason v. Connor, 83 Texas, 26. Subrogation is an equitable assignment. Faires v. Cockrell, 88 Texas, 435. Subrogation depends upon intention of debtor in making payments, and question of intention is one of fact. Huggins v. White, 27 S. W., 1066. The legal subrogation, which takes place, when payment is made by one bound with or for another, is as extensive as express subrogation. Cox v. Baldwin, 1 L. R. A., 401. When broker pays debt of principal, he is entitled to reimbursement. Knapp v. Simon, 95 N. Y., 248. Payment of damage by agent, without waiting for suit to be brought, sufficient to give agent cause of action. 1 Am. & Eng. Ency., 1118; Saveland v. Green, 36 Wis., 612; Bibb v. Allen, 149 U. S., 498.

If appellants are held to have been agents of appellees, then the evidence tended to show that they contracted with Rotan Grocery Company in their own name, without disclosing their principal, which, if true, would authorize appellants upon payment of damages to Rotan Grocery Company to sue appellees for reimbursement. Simmons v. Wittman, 88 S. W., 791; Mail and Express Co. v. Wood, 103 N. W., 864; Mechem on Agency, 977, 983, 754-6.

*W. B. Carrington*, for appellees.—The whole transaction and everything connected therewith is and was void. Hahl v. Kellog, 42 Texas Civ. App., 636; Nabours v. McCord, 100 Texas, 456; Shannon v. Marmaduke, 14 Texas, 217; Scott v. Mann, 36 Texas, 157; Mechem on Agency, secs. 455, 461; Rich v. Black, 173 Pa. St., 92; Van Dusen v. Bigelow, 100 N. W., 723; McKinley v. Williams, 74 Fed., 94; Donovan v. Campion, 85 Fed., 71; City of Findlay v. Pertz, 66 Fed., 427; Hodgson v. Raphael, 30 S. E., 416; Prince v. Du Puy, 45 N. E., 298.

JENKINS, ASSOCIATE JUSTICE.—This suit was originally brought in the District Court of McLennan County, Nineteenth Judicial District. On trial of said cause the court peremptorily instructed the jury to return a verdict for the appellees, which being done, judgment was entered in accordance therewith. From that judgment the appellant appealed, and judgment was reversed for the reason that this court was of the opinion that there was some evidence to sustain appellant's contention that, though they were brokers, they purchased for themselves, and that appellees had knowledge of that fact. As stated in the former decision of this case (109 S. W., 1002), "The rule is well settled in this State that if there is evidence, though slight, which has a tendency to establish an issue, it is the duty of the trial court to submit it to the consideration of the jury." See also Lee v. Railway Co., 89 Texas, 588; Wallace v. Oil Co., 91 Texas, 21; Stevenson v. Pullman Co., 26 S. W., 112; Johnston v. Drought, 22 S. W., 290; McCartney v. McCartney, 53 S. W., 390; Galveston, H. & S. A. Ry. Co. v. Harris, 22 Texas Civ. App., 16, 53 S. W., 599.

While this case was pending in this court, appellants brought another suit in the District Court of McLennan County, Fifty-Fourth District, upon the same allegations as in the first suit, with the additional allegation that for a valuable consideration Rotan Grocery Company had transferred to appellants any cause of action which they might have had against appellees, growing out of the transaction which is the basis of this suit. The original case pending in the Nineteenth District Court was transferred to the Fifty-Fourth District Court, and the two cases were consolidated. After the evidence was all in, the trial court again directed a verdict for appellees, and from the judgment entered on the verdict in conformity with such instructions appellants have again appealed to this court.

The substance of appellant's allegations is that on the 22d day of November, 1906, they were doing business in Waco, Texas, as brokers and as merchants; that on said date *as merchants*, they bought of

appellees 1500 barrels of sugar at $4.30 to be delivered by the appellees to the Rotan Grocery Company, at Waco, Texas, in December, 1906, they having sold said sugar to said grocery company at said price, and that they were to receive from appellees as their profits in the transaction a commission of ten cents per barrel on said sugar; all of which facts they allege were known to appellees at the time of such sale; or if not, that appellees had knowledge of said facts during the pendency of said transaction, and, after acquiring said knowledge, ratified said transaction. Appellant further alleges that only 500 barrels of sugar were ever delivered under said contract, 200 barrels of which were not up to grade, by reason of which they were compelled to pay the difference in the market price, amounting to $44.37, and that by reason of appellees' failing to put the car numbers in the bill of lading, they were compelled to pay $7 demurrage on said 200 barrels of sugar. That by reason of the failure of appellees to deliver the remaining 1000 barrels of sugar, they were compelled to buy sugar to fill their contract with the Rotan Grocery Company at an advanced market price, amounting to $672.60. They sue for their commission, $150; difference in market price on 1000 barrels of sugar, $672.60; difference in market price of 200 barrels of sugar, $44.37; demurrage $7, total $873.97.

Appellees contend: (a) That appellants are not entitled to recover commissions because, while pretending to act as brokers for appellees, they purchased for themselves. (b) That they are not entitled to recover difference in market price, if any is shown, which they do not admit, because while pretending to sell for appellees, they in fact, without the knowledge of appellees, purchased for themselves, and that for the same reason they can not recover for any damage which may have been sustained by them on account of demurrage, or otherwise, growing out of such illegal transaction. (c) That they acquired no cause of action by the transfer from the Rotan Grocery Company, because while appellees at the time of said sale, thought they were selling to Rotan Grocery Company, in fact said grocery company bought from appellants and not from appellees, and having no contract with appellees they never had any cause of action against appellees for breach of contract, and had therefore no claim to transfer, and no rights against appellees to which appellants could be subrogated by paying said grocery company any damages which they may have sustained by reason of appellants' breaching their contract with them, the said grocery company.

We do not think there is much room for controversy as to the law upon these issues, if the facts relative thereto be shown beyond controversy. A broker is the agent of the seller. An agent can not purchase the property of his principal for himself, either directly or indirectly; he can not be both buyer and seller. Upon discovery that the agent has purchased for himself, if the contract be executory, the principal may refuse to perform the same; and if it be executed, the principal may recover the property from the agent, and may also recover any commission that he may have paid the agent on such sale. Hahl v. Kellogg, 42 Texas Civ. App., 636, 94 S. W., 389; Nabours v. McCord, 100 Texas, 456, 100 S. W., 1152;

Rich v. Black, 173 Pa., 92, 33 Atl., 880; McKinley v. Williams, 74 Fed., 95; Shannon v. Marmaduke, 14 Texas, 217; 1 Am. & Eng. Ency. Law (2d ed.), 1075, 1077, 1078, 1071, and notes; Cyc., 1437-1440. "It matters not that there was no fraud and no injury done. The rule is not intended to be remedial of actual injury, but preventive of the possibility of it. Montgomery v. Hundley, 205 Mo., 138, 103 S. W., 530; Mechem on Agency, sec. 455, 461. Of course, this rule does not apply where the principal knows that the agent is purchasing for himself. It is also true that, though a purchase by the agent for himself is void at the option of the principal, such transaction becomes binding on the principal if he ratifies the same, with full knowledge that the agent is the purchaser, or is interested in the transaction. It is also true that ratification may be presumed from the acts of the principal. The right of repudiation is for the benefit of the principal, and if he carries out an executory contract after he has full knowledge that the agent is the beneficiary therein, or if he retains the benefits of an executed contract after such knowledge has come to him, he will be held to have ratified such contract.

The undisputed facts in this case show that the appellant dealt with the appellees as its brokers to make the sale to Rotan, and that for this purpose the relation of principal and agent existed. The undisputed facts show, and appellants so allege, that the appellants did not make the sale to Rotan Grocery Company for the appellees as brokers, but did make said sale for themselves as merchants. The sale which appellees supposed was made for them to Rotan Grocery Company through their brokers, was in fact a contract by said brokers to purchase for themselves, and was therefore void. Appellants could not enforce such contract; they could not recover damages for the breach thereof, nor commission on account thereof, unless appellees ratified said contract after full knowledge that the appellants, and not Rotan Grocery Company, were the real purchasers. We have given the record a very careful examination, and we find nothing therein to show that appellees in any way ratified said transaction after they discovered that appellants had purchased for themselves. Appellees canceled said sale on December 26 or 27, when Foster went to New Orleans, ostensibly as the representative of the Rotan Grocery Company, to receive and pay for the sugar, appellees having agreed to deliver it at that place and deduct freight to Waco. Foster was a member of appellant's firm, and was really acting for himself, but this fact was not then known to appellees. Appellees tendered 500 barrels of sugar, which Foster received, but afterwards telephoned Barkley that it was not up to grade and that he would not receive it. Barkley replied: "You will take that sugar or none." It is not necessary for us to decide whether or not the facts in reference to that 500 barrels of sugar would have justified Barkley in canceling the trade as to the whole 1000 barrels of sugar, if the sale had been, as he supposed it was, to the Rotan Grocery Company. He did cancel the trade, and he did not then know that appellants had bought for themselves; appellees can not be held for damages for the cancellation of said sale, if in fact they had legal

grounds for so doing, though they may not then have known of the existence of said grounds, and canceled the trade for other reasons.

It being admitted by appellants that they purchased for themselves, they are not entitled to recover commissions for making the sale. It being further admitted that Rotan Grocery Company purchased from appellants, and that upon different terms from those upon which appellants bought from appellees, Rotan Grocery Company never had any contract with appellees, and consequently their assignment to appellants of whatever cause of action they might have against appellees gives no cause of action to appellants. For the reason that appellants had no legal contract with appellees for the delivery of the 200 barrels of sugar, they can not recover for breach of said contract as to grade nor for demurrage.

We hold that there was no error in refusing to admit the telegram and letter sent and written subsequent to the time when appellees had repudiated the contract, and had so notified appellants and Rotan Grocery Company. Said telegrams were self-serving declarations.

There was no error in refusing to admit the recitals in the transfer by Rotan Grocery Company as to alleged breaches of the contract, made a year after the original purchase of the sugar. Such recitations were hearsay.

Holding as we do that the court did not err in peremptorily instructing the jury to return a verdict for appellees, we affirm the judgment of the court below.

Judgment affirmed.

*Affirmed.*