CUNNINGHAM et al. v. PRICE.　(No. 6991.)

(Court of Civil Appeals of Texas. San Antonio. June 22, 1923.)

**Principal and agent ⬡➝70—Rule against dual agency inapplicable where principals are aware thereof.**

The rule that an agent may not act for one whose interest is adverse to that of his principal, if his dual agency requires or tempts him to do incompatible things, does not apply where the principals are aware of the facts, in which case they are bound by the agent's acts in their behalf.

Appeal from District Court, Dimmit County; J. F. Mullally, Judge.

Action by E. H. Cunningham and others against R. H. Price. Judgment for defendant, and plaintiffs appeal. Affirmed.

Love & Smith, of Uvalde. for appellants. W. H. Davis and Vandervoort & Johnson, all of Carrizo Springs. for appellee.

SMITH. J. At the inception of the transaction out of which this controversy arose, appellant Cunningham and appellee Price undertook to exchange properties: the former assigning to the latter 425 shares of oil stock, and the latter conveying to the former a certain tract of land situated in Dimmit county. Price subsequently brought suit to rescind, but the parties settled and compromised the suit before trial. In this settlement it was provided that Cunningham should take back the oil stock that he had assigned to Price, and deliver to the latter a promissory note for $800, secured by the vendor's lien on the land previously conveyed to him by Price. When the parties had agreed among themselves upon the terms of this settlement, they went together to the office of Vandervoort & Johnson, a firm of lawyers at Carrizo Springs who had represented Price in the compromised litigation, and procured them to reduce the agreement to writing. which was then executed by Cunningham for himself and his associate, and by Johnson, one of the attorneys mentioned, for Price. This was on September 6. 1920. As Cunningham resided in Wichita Falls and it would be necessary for him to return home in order to procure the execution of the note to be delivered to Price, and provide for the lien to secure the note, and. as Price could not immediately procure the oil stock for delivery to Cunningham, the parties, at the time the settlement contract was executed, "verbally agreed that Price should deliver at the office of Vandervoort & Johnson the 425 shares of oil stock and that the Cunninghams should send to Vandervoort & Johnson the vendor's lien note and the deed retaining the vendor's lien: that, upon finding these papers in order, Vander-

voort & Johnson would file the deed for record, deliver the note to Price, and send the oil stock to Cunningham."

These arrangements having been completed, Cunningham returned to his home at Wichita Falls, and, on September 18, procured the execution of the deed and note and forwarded them to Vandervoort & Johnson for the deed to be recorded, and the note delivered, in accordance with the verbal agreement, to Price; and Price procured the oil stock, some of which had been sold by him to others, and turned it over to Vandervoort & Johnson to be forwarded by them, as required in the verbal agreement, to Cunningham. When these various securities had been assembled in the hands of Vandervoort & Johnson, and by them found to be "in order," as provided in the verbal agreement, they delivered the note to Price, and had the deed recorded, but failed to forward the oil stock to Cunningham, under circumstances which the court could properly have found excused them from doing so. Shortly afterwards the oil stock reached a selling price of from 45 to 60 cents on the dollar on the Wichita Falls Oil Exchange, and remained at that level for several weeks, when it became unsalable, and is still worthless. Subsequently, at a date not shown by the record, Cunningham filed the instant suit against Price to recover one-half of the par value of the oil stock, alleging that because of the failure of Price to deliver the stock to him promptly he was prevented from selling it. The cause was tried before the court without a jury, and from an adverse judgment Cunningham has appealed. No statement of facts has been brought up, but the transcript contains very full findings of fact by the trial court.

The controlling question of law presented by the appeal is whether or not Vandervoort & Johnson were under the facts the agents of both parties for the purpose of receiving and delivering the securities to be supplied by each party to the other, and this question is further narrowed to the one of whether or not the delivery of the stock by Price to Vandervoort & Johnson constituted constructive delivery to Cunningham. As stated, Vandervoort & Johnson represented Price in bringing the original suit against Cunningham. The settlement of that suit, however, was made directly between Price and Cunningham, without the aid of the attorneys. When they agreed on the terms of the settlement, and desiring to reduce the agreement to writing, they first went to Cunningham's attorney for the purpose of getting him to draw up the contract of settlement, but he was otherwise engaged, and upon his suggestion the parties then went to Vandervoort & Johnson, and after stating the terms of the settlement to them, engaged them to draw up the instrument, which they did, and for some reason not shown, Johnson, one of the attor-

neys, signed the contract for Price, "by A. P. Johnson, Atty." As the execution of this contract had the effect of ending the litigation, in which Vandervoort & Johnson represented Price, it might very well be said that their employment as such attorneys was thus terminated, although in our view of the case, we do not regard this fact as vital to the question under consideration. It should be added that Cunningham was at all times fully aware of Vandervoort & Johnson's relation to Price and the litigation which was being settled, and that they brought that suit for Price and were representing him in that litigation. And with these relations fully in mind, Cunningham joined Price in procuring these attorneys to write up the contract of settlement, and in designating them as the persons to whom each party should turn over the securities for their inspection and for them to deliver to the other party.

After setting out the foregoing facts, in much greater detail than we have undertaken, the court below concluded that—

"When E. H. Cunningham and R. H. Price agreed that the exchange of the $800 note for the 425 shares of oil stock should be made through Vandervoort & Johnson they made Vandervoort & Johnson their joint agents to receive and deliver for them. When Price delivered the 415 shares of stock to Vandervoort & Johnson, he complied with his part of the agreement, and when E. H. Cunningham delivered the $800 note and vendor's lien deed securing it to Vandervoort & Johnson, he complied with his part of the agreement."

We think the facts affirmatively found by the court warrant the conclusion that Vandervoort & Johnson were lawfully constituted the agents of both parties for the purpose of receiving and delivering the stock and promissory note, and that Price fully performed the obligation imposed upon him in the contract of settlement when he delivered the stock to them. Appellant vigorously opposes this conclusion, upon the sole proposition that—

"The courts look with disfavor upon joint agencies, especially when the interests of the respective principals conflict, and demand the clearest proof of such relation, before adjudging a joint agency to exist," citing Armstrong v. O'Brien, 83 Tex. 648, 19 S. W. 268, and 21 R. C. L. p. 827, § 11.

It is, of course, thoroughly settled as a general rule that an agent of one may not act for another whose interest is adverse to that of his principal, if his dual agency requires or tempts him to do incompatible things. But it is almost as well settled that this rule does not apply where the principals are aware of the facts of the dual relation assumed by the agent, in which event they are bound by his acts in their behalf. Mech. Agcy. §§ 177, 178, 1590; 21 R. C. L. p. 828, § 11; 31 Cyc. pp. 1448, 1449; Armstrong v. O'Brien, 83 Tex. 635, 19 S. W. 268. This exception is thus stated in Ruling Case Law:

"The validity, however, of contracts of double agency seems now to be well established, where the principals are fully advised and consent to the employment."

In Cyc.:

"But since the reason underlying the rule is the fact of the agent being in a position in which he has a tendency to act in bad faith toward one or both of his principals, there is no legal objection to such double employment if both principals fully understand the situation and consent thereto."

And in Armstrong v. O'Brien it is said the exception to the rule does not apply "unless the agent acts with the full knowledge and consent of both principals." Both the rule and the exception are thus stated by Mr. Mechem:

"A person may act as agent of two or more principals in the same transaction, if his duties to each are not such as to require him to do incompatible things; or if he is employed in a capacity which does not imply trust and confidence, as where he is a mere middleman who brings parties together and then leaves them to bargain for themselves. But wherever from the nature of his employment, each of two principals with opposing interests is entitled to the benefits of the agent's judgment, discretion or personal influence, he will not be permitted to act as agent of both parties, except with their full knowledge and consent. If, however, having full knowledge of his relations to each, they see fit mutually to confide in him, there can be no legal objection to such an employment, nor will either of the principals be permitted afterwards to escape responsibility because of such double employment."

It is by no means clear that the case here is brought within the rule, for, even if Vandervoort & Johnson's attorneyship or agency for Price was not terminated with the settlement out of which this controversy subsequently arose, their authority as the agents of both parties was nevertheless limited to the receipt, inspection, and delivery of the sureties to be turned over to them by the parties. Their duties as such agents did not involve any discretion which they could exercise to their benefit, or with partiality to either of the parties as against the interest of the other. Their duties were purely ministerial, and fixed, and their faithful performance of the duty to either of the parties could not adversely affect the interest of the other party.

But it is perfectly clear that the case is brought within the exception to the rule, since each party was fully aware of the situation and position of the agents, and of their relation to the other party, and when they selected the agents with such full knowledge they were bound by the acts of those agents.

The judgment will be affirmed.

In deference to appellant's motion for re-

hearing, calling attention to inaccuracies in the original opinion, that opinion will be withdrawn, and the foregoing substituted therefor. These corrections, however, do not affect the decision as a whole, and the motion for rehearing will be overruled.