## RHODES v. AUSTIN, Banking Com'r.
(No. 349.)

Court of Civil Appeals of Texas. Eastland.
Oct. 21, 1927.

Rehearing Denied Dec. 2, 1927.

**1. Courts** ⊜⇒90(1)—**Jury's finding of bank stockholder's liability on assessment must be upheld, where, on substantially identical testimony on another appeal, another stockholder was held liable as matter of law.**

Where, in companion case, court on appeal held bank stockholder was liable to assessment as matter of law, finding of jury under substantially identical evidence that another stockholder sued by commissioner was likewise liable on assessment must be upheld.

**2. Set-off and counterclaim** ⊜⇒41—**Assignee of bank stock, to whom assignor's claim against commissioner was not transferred, could not offset claim against assessment.**

Even if former stockholder had claim against bank commissioner for deposit made to strengthen bank subsequently closed, under agreement for credit thereof on statutory liability, no right of set-off by virtue of such claim existed in assignee of bank stock sued on assessment, who did not receive transfer of assignor's claim against commissioner.

Appeal from District Court, Eastland County; George L. Davemport, Judge.

Action by Charles O. Austin, Banking Commissioner, against A. H. Rhodes. Judgment for plaintiff, and defendant appeals. Affirmed.

Scott, Brelsford & Brelsford, of Eastland, for appellant.

Spencer & Rogers, of San Antonio, for appellee.

PANNILL, C. J. [1] This is a companion case to the case of Austin v. Connellee, 292 S. W. 613, by this court, except in the instant case the question as to whether the amount deposited with the First State Bank of Eastland by the various stockholders of said bank was a trust fund was submitted to the jury as a question of fact, and answered by the jury in effect that the amount deposited by the stockholder in this case was not deposited under an agreement between T. L. Overby, the alleged trustee, and the commissioner of banking that the sum should be held until the First State Bank of Eastland should be closed by the commissioner of banking, and then used to pay an assessment of 100 per cent. upon the stock, and that the amount paid was not done in reliance upon any representation by the said Overby, the alleged trustee, that the amount deposited would be held as a trust fund. The only assignments presented are that the verdict of the jury is against the great weight and preponder-

ance of the testimony. The testimony introduced is the same in substance as that reviewed by this court in Austin v. Connellee, supra, which testimony was held in that case to not even raise the issue that the amount placed with the bank by the stockholders under the agreement set forth in the opinion would be held in trust and constitute a trust fund. Having so held, it must follow that the jury's finding of fact to the same effect as the decision noted above must be upheld.

[2] In addition to this, at the time said agreement with reference to an assessment by the stockholders, as fully set out in Austin v. Connellee, supra, was made, the stock in question was owned by one D. B. Duff, and Duff placed the amount of $1,000 with said First State Bank of Eastland under the agreement with the commissioner above referred to. Subsequent to that time Duff transferred his stock to the appellant, Rhodes. There is neither pleading nor evidence that Duff transferred any claim which he had against the First State Bank or the commissioner to appellant. Consequently, no right of set-off could possibly be held to be in appellant for a claim which he did not own, which was neither transferred nor assigned to him.

Therefore the judgment of the trial court must be affirmed, and it is so ordered.