## L. B. MENEFEE LUMBER CO. v. DAVIS-JOHNSON LUMBER CO. (No. 1737.)

Court of Civil Appeals of Texas. Beaumont. Jan. 18, 1929.

Rehearing Denied Jan. 30, 1929.

See, also, 294 S. W. 275.

Saner & Saner and Turner & Rodgers, all of Dallas, for appellant.

Smithdeal, Shook, Spence & Bowyer and Lewis B. Lefkowitz, all of Dallas, for appellee.

O'QUINN, J. Appellant, an Oregon corporation, sued appellee, a Texas corporation, in the county court at law of Dallas county, Tex., for the purchase price of one car of fir lumber shipped from its mills in Oregon to appellee at Dallas, Tex., alleging the amount to be $596.85.

Appellee answered, admitting that it received the lumber, but pleaded as an offset against the account damages in the sum of $310, which it alleged it had suffered by reason of appellant's delay in delivering the lumber, and tendered into court the amount it admitted to be due and owing to appellant. Appellee alleged that the lumber was purchased through the Landrum Lumber Company, who were the agents and brokers of appellant, and that said agents were informed at the time the order for the lumber was given that said lumber must arrive in Dallas within three weeks from the date of the order, for the reason that appellee, the Davis-Johnson Lumber Company, had already sold to and was under contract with the Inge Construction Company to deliver to it said carload of lumber within three weeks to be used by said company as floor joists in the construction of the Worsham-Buick building in the city of Dallas, which was then in the course of construction; that appellant accepted said order for said lumber with full knowledge of said facts, and the necessity for the delivery of said lumber within said time, and with knowledge that, if said lumber was not delivered within the time stipulated to said Inge Construction Company, said company would be delayed in the construction of said building, and that appellee would probably suffer damages as a consequence of the failure to so deliver said lumber, pleading fully the source to appellant of such knowledge; that, although appellant had such knowledge, it failed to ship said lumber within the time specified, and said lumber was not delivered until long after it should have been under the contract of purchase, as a result of which the Inge Construction Company was delayed in the construction of said building, and suffered damages in the sum of $310, which were fully pleaded and not necessary to here set out; that the Inge Construction Company deducted said sum of $310 from appellee's bill for said lumber because of its failure to deliver said lumber within the time contracted; that, appellee having breached its contract with said company as to the delivery of the lumber, it thereby became and was legally liable to said company for the damages it had suffered in consequence of the delay in delivering said lumber, and that said construction company had rightfully deducted from appellee's bill for said lumber said sum of $310; and that it was entitled to have said sum set off against appellant's claim, and tendered into court the amount it admitted it owed appellant.

This cause has been tried once before. On the first trial before the court appellee's offset was allowed and judgment rendered for

appellant in the sum of $286.85. On appeal, the judgment was reversed and the cause remanded (294 S. W. 275) because appellee's pleadings were held to be insufficient on the question of damages because of the delay in delivering the lumber and of appellee's own liability to the Inge Construction Company for such damages. Appellee in the instant trial, in its second amended original petition and by its trial amendment, met the holding of the appellate court, and on this (second) trial before the court without a jury the court again found that appellee was entitled to its damages in the sum of $310, and that same should be allowed as an offset against appellant's claim, and entered judgment in appellant's favor for $286.85, and, it appearing that appellee had tendered said sum of $286.85 to appellant prior to the institution of the suit, taxed the costs of suit against appellant. From this judgment appellant brings this appeal.

Appellant makes no complaint as to the sufficiency of appellee's pleadings upon which to base the judgment. Neither does it complain that the evidence does not support the court's finding that the damages occurred by reason of the delay in delivering the lumber, and that appellee was not liable therefor to the Inge Construction Company, but the main contention of appellant is that the Landrum Lumber Company, brokers representing appellant in Dallas, and through whom the sale of the lumber was made to appellee, were not such agents of appellant as that a notice to said brokers of the special terms of the contract of sale and of the special damages that would probably be occasioned by a breach of said contract would be notice to, and therefore binding upon, appellant.

The undisputed facts show that the Landrum Lumber Company was doing a lumber broker business in Dallas, Tex.; that they had solicited and taken orders for appellant for eight or ten years; that during 1924, the year this litigation arose, they were the sole and exclusive representatives of appellant in Dallas; that they were paid a commission by appellant on all sales of lumber made through them; that J. C. Crapps of the Landrum Lumber Company personally solicited appellee for the order for the car of lumber in question; that at the time W. B. Johnson, of the Davis-Johnson Lumber Company, appellee, told Crapps what the lumber was to be used for, where, when, and to whom it was to be delivered; that on April 7, 1924, appellee gave said Landrum Lumber Company per Crapps an order for the car of lumber, which said Landrum Lumber Company on same day wired to appellant, and followed on the same date with letter of confirmation, copy to appellee; that said telegram contained the information and instruction, "Must have quick shipment may eliminate boards if necessary * * * can't handle wire"; that appellant

on April 9, 1924, accepted the order for the lumber, and advised that it would not be able to include the "boards" referred to in the order and telegram, this by letter of acceptance to Landrum Lumber Company; that on April 12th appellant, by letter, in reply to Landrum Lumber Company's letter of confirmation, again notified said brokers that the order for the lumber was accepted, omitting the "boards" mentioned in the order; that May 19, 1924, appellant mailed to appellee invoice for the shipment (boards omitted), and the lumber arrived at Dallas June 5, 1924. It should have arrived within three weeks after April 7th, or about May 1, 1924. That the construction of the building by Inge Construction Company was delayed, and that the special damages in the sum of $310 were suffered by said construction company as a result of the delay in the delivery of the lumber, and that appellee paid such damages to Inge Construction Company, are without dispute.

We think the contention of appellant must be overruled. It is admitted that the Landrum Lumber Company were brokers soliciting and taking orders for lumber for appellant, and that appellant paid them a commission on all orders so received. A broker is defined to be "one who is engaged for others on a commission negotiating contracts relating to property with the custody of which he has no concern. An agent employed to make bargains and contracts between other persons in matters of trade, commerce," etc. 9 C. J. 508.

"A broker is an agent who bargains and carries on negotiations in behalf of his principal as an intermediary between the latter and third persons in transacting business relative to the acquisition of contractual rights," etc. 4 R. C. L. 242.

"A broker is an agent employed to make bargains and contracts between other persons in matters of trade, commerce or navigation for a compensation." 4 A. & E. Ency. Law (2d) 960.

"A broker is the agent of the seller." Texas Brokerage Co. v. Barkley & Co., 60 Tex. Civ. App. 466, 128 S. W. 431.

It is undisputed that Johnson of the Davis-Johnson Lumber Company, appellee, told Crapps of the Landrum Lumber Company, brokers representing appellant, at the time the order for the car of lumber was given, that the lumber (2x14—18) was to be used by the Inge Construction Company for floor joists in the construction of the Worsham-Buick Building then being constructed in Dallas, and that the lumber must be delivered within three weeks, and that it was understood that delay in delivering the lumber to the Inge Construction Company would delay the construction of said building. Johnson testified:

"I gave Crapps an order for the car of lumber. We needed a car of 2x14—18. Crapps

knew that we needed a car of lumber, this car, and called me two or three times about selling it, said he had the lumber near the track and would load at once. I told him what it was for. I told him that I would have to deliver it to the Inge Construction Company in three weeks. To be delivered to the Inge Construction Company at the Worsham-Buick Building on Pacific & Oliver Streets in Dallas, here. I told him I had to deliver it to the Inge Construction Company in three weeks. That is the reason that I gave him the order. Other men were attempting to get the order from me, too. They were the E. G. Bower Lumber Company and also Varner Lumber Company."

Wirt Davis, of the Davis-Johnson Lumber Company, testified:

"I stated that I was present at the time Mr. Crapps came out there to the yard of the Davis-Johnson Lumber Company. I was there; yes, I was not present when the actual order was secured. I left there with the understanding that they would order the lumber according to the conversation we had had. In that conversation J. C. Crapps was told all about where the lumber was to be used. He knew where the lumber was to be used; that part of it was thoroughly discussed, that we were to have it by a certain time, that the building was progressing in such a way that it would be necessary for the joists to be there by a certain time. He said it was dried and along the track and that he could give us the car of lumber inside of a day or two, that is, it would be loaded. We went into all of the minute details to be sure of it; and he had his stock sheet from the Menefee Lumber Company (appellant) and he read from the stock sheet which said the lumber was already cut and on their yard ready to be shipped, otherwise we would have ordered it from the pine mills here." (The order was for *fir* lumber.)

 So it is seen that the Landrum Lumber Company was fully informed as to where the lumber was to be used, the purpose for which it was to be used, and that it must be delivered within a certain time—three weeks after the giving of the order, April 7th—and that if it was not so delivered the construction of the building in which it was to be used would be delayed. That the delay in the delivery of the lumber did delay the completion of the building and that special damages in the sum of $310 resulted from said delay is not disputed. It is well settled that notice to an agent is notice to the principal, and the rule seems to be equally well settled that since brokers, in the nature of the service rendered by them and their relation to their employers, are agents, notice to a broker is notice to his principal, who pays him his commission. 9 C. J. 666; 9 C. J. 673, § 150; Lukens Iron & Steel Co. v. Hartmann-Greiling Co., 169 Wis. 350, 172 N. W. 894; Githens v. Murray, 92 Ga. 748, 18 S. W. 975; Colorcraft Co. v. American Packing Co. (Mo. App.) 216 S. W. 831; Tulane Impr. Co. v. Chapman, 129 La. 562, 56 So. 509; Cox v. Pearce, 112 N. Y. 637, 20 N. E. 566, 3 L. R. A. 563; Lynch Davidson & Co. v. Denman Lumber Co. (Tex. Civ. App.) 272 S. W. 803; Texas Brokerage Co. v. Barkley & Co., 60 Tex. Civ. App. 466, 128 S. W. 431. The Landrum Lumber Company acted for appellant in making the contract for the sale of the lumber, and appellant accepted the order and acted upon it, and delivered the lumber under it. All the knowledge of their brokers and agents relative to the transaction should be imputed to appellant.

 Furthermore, we think that the telegraphic order sent appellant by the Landrum Lumber Company was itself sufficient to put appellant upon notice that special damages would probably accrue unless the lumber was immediately shipped. It stated:

"Must have quick shipment may eliminate board if necessary * * * cant handle wire."

The order called for 600 pcs. 2x14—18, 100 pcs. 1x12—12, and 100 pcs. 1x12—14, and 100 pcs. 1x12—16. The last three dimensions were what was referred to as "boards." The 600 pieces were to be used as floor joists and were wanted for use within three weeks from the date of the order, April 7th, and it was understood, and the telegram advised, that, if the shipment of the lumber would be delayed by reason of the inclusion of the "boards," then they should be eliminated from the order and the floor joists shipped. The telegram stated that quick shipment must be had; that if necessary for quick shipment to eliminate the "boards"; and that if appellant could not handle the order to wire, so that on the face of the order appellant was put upon notice that time was of the essence of the contract, and that delay in shipment would be hurtful. Yet, in spite of all this and numerous telegrams from their said brokers, urging quick shipment, appellant did not ship said car of lumber until May 19, 1924, long after it should have been delivered at Dallas. It was shown that three weeks in which to deliver the lumber was a reasonable period. In fact, it was shipped on May 19th and reached Dallas on June 5th following, a period of less than three weeks. It was shown that the damages suffered arose out of the delay, and were the natural and direct result of the delay in delivering the lumber. For these damages appellant was liable. Shurter v. Butler, 43 Tex. Civ. App. 353, 94 S. W. 1084; McKibbin v. Pierce (Tex. Civ. App.) 190 S. W. 1149; Iowa Mfg. Co. v. Sturtevant Mfg. Co. (C. C. A.) 162 F. 460, 18 L. R. A. (N. S.) 575; Lukens Iron & Steel Co. v. Hartman, Greiling Co., 169 Wis. 350, 172 N. W. 894; Halstead Lumber Co. v. Sutton, 46 Kan. 192, 26 P. 444; 3 Williston on Contracts, p. 2405; 8 R. C. L. 461, § 28.

What we have said disposes of appellant's propositions. The judgment should be affirmed, and it has been so ordered.