## B. F. GROUNDS & SONS v. SUMMERS.

### No. 1764.

Court of Civil Appeals of Texas. Waco.

May 14, 1936.

Rehearing Denied June 11, 1936.

716

P. O. French, of Fairfield, for appellants.

H. L. Williford, of Fairfield, for appellee.

ALEXANDER, Justice.

In a trial before the court without a jury in the above cause, judgment was rendered for plaintiff, E. J. Summers, against B. F. Grounds & Sons in the sum of $150 as a broker's commission for the sale of certain standing timber from the defendants to one W. J. Franklin. The defendants appealed.

The appellants contend that the pleadings were insufficient to support the judgment. In his original petition appellee alleged that appellant wrote him the following letter:

"Confirming our conversation with you a few days ago, wish to state that we are handing you herewith our note in the sum of $150.00 payable on or before twelve months from date, which note represents your commission on the sale to W. J. Franklin for us.

"We further agree to pay you one-third of any sum realized from the sale of our saw mill machinery, and other equipment used in connection therewith.

"We further authorize you to apply $150.00 from our portion of the proceeds, of the above sale to said note. In other words, you are to have from our portion of the proceeds, the first $150.00 realized from the sale, but the same is to be applied on the note herewith handed you."

It was further alleged that although the appellant failed to execute the note referred to in the letter, there had been a sale of both the standing timber and the sawmill, and that said letter constituted a contract in writing binding appellants to pay appellee a commission of $150 for the sale of the standing timber to W. J. Franklin. By supplemental petition, appellee alleged more in detail the making of a contract by which appellants agreed to pay appellee a commission of $150 for selling said timber, and that he had fully performed the contract entitling him to the commission. Appellants did not object to the pleading of these matters by way of supplemental petition instead of an amended petition, and, in the absence of such objection, we may consider the facts alleged in the supplemental petition in connection with those alleged in the original petition. Glenn v. Dallas County Bois D'Arc Island Levee Dist., 114 Tex. 325, 268 S.W. 452. In our opinion, the two pleadings, when construed together, were sufficient to allege a cause of action as against appellants' general demurrer. There were no special exceptions. We, therefore, overrule this assignment.

Appellants contend that we should reverse the judgment of the trial court and render judgment in their behalf because the evidence disclosed that the broker charged both the seller and buyer a commission for his services in bringing about the sale and did not disclose to the seller that he was receiving a commission from the buyer. An examination of the record discloses that no such defense was raised by the pleadings. The appellants did not allege that the appellee had perpetrated a fraud on them by accepting a commission from the buyer, nor that he had failed to disclose to them that he was receiving a commission from such buyer. Such dealings on the part of a broker are unlawful only when he fails to, make a full disclosure thereof to the party so represented by him. 7 Tex.Jur. 436. The vice in such a transaction is the bad faith on the part of the broker in failing to disclose the true facts to his principal, and is in the nature of a fraud which must be specifically pleaded by the party seeking to avoid the payment of

the commission. 7 Tex.Jur. 440; 9 C.J. 643; Thompson v. Ferguson & Turnley (Tex.Civ.App.) 250 S.W. 204; Christian v. Dunavent (Tex.Civ.App.) 232 S.W. 875; Moore v. Kelley (Tex.Civ.App.) 162 S.W. 1034. In our opinion, the pleadings were insufficient to raise the defense here presented.

We have carefully considered all other assignments of error, and find them without merit.

The judgment of the trial court is affirmed.