## PORIZKY v. UNITED FIDELITY LIFE INS. CO.

### No. 13469.

Court of Civil Appeals of Texas. Dallas.
Dec. 17, 1943.

Rehearing Denied Jan. 14, 1944.

John E. V. Jasper and F. B. Davenport, both of Dallas, for appellant.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellee.

LOONEY, Justice.

The parties will be referred to as in the court below. Sigmund Porizky, a real estate agent, sued United Fidelity Life Ins. Company, a corporation, for a commission allegedly earned by consummating, between the defendant and Mrs. Ethel Laura Olinger, a contract for the exchange of certain real estate.

Following a general denial defendant alleged, in short, that Mrs. Olinger did not own the quantity of land described in the

contract, nor was it free from all encumbrances as stated therein; that in a legal sense, she was neither able nor ready to comply with the contract, and same was incapable of specific performance; of all of which plaintiff was cognizant prior to and at the time of the execution of the contract, and although acting as agent for both parties, failed to notify defendant of the defects in Mrs. Olinger's title, or of her inability to perform the contract; hence, no commission accrued thereunder, and plaintiff should take nothing by his suit.

In a supplemental petition, plaintiff alleged that at and prior to the signing of the contract, defendant was fully cognizant of the alleged defects in Mrs. Olinger's title, of the fact that the land was encumbered, therefore waived these matters and is estopped to urge same as defenses to plaintiff's suit.

In a trial amendment, defendant adopted for the purpose of the special plea only, the pleadings, findings of fact, conclusions of law, and judgment of the court in the case of Porizky v. Olinger, pending in the court below, wherein plaintiff therein (plaintiff in the instant case) sued Mrs. Olinger for commission allegedly earned under the identical contract involved here, and the court having rendered judgment denying Porizky recovery (later affirmed by this Court), the defendant pleads and contends that, as the contract sued upon in each case was the same and the facts similar, presenting in each substantially the same questions of law, the findings and conclusions in Porizky v. Olinger are controlling and settled the law of the instant case; wherefore, for each and all of said reasons, defendant insists that plaintiff is not entitled to recover and should take nothing, etc.

A jury was organized to try the issues of fact, but on motion of the defendant at the conclusion of plaintiff's evidence, a verdict was instructed for defendant, judgment was rendered accordingly, from which plaintiff appealed.

The contract for the exchange of properties, executed by defendant and Mrs. Olinger, described defendant's property, stated that it was valued at $35,000 and free of encumbrances; described Mrs. Olinger's plot of land as being 100x600 feet in size, valued at $5,000, reciting that it was free and clear of any and all encumbrances whatsoever; provided that the value of her property should be deducted from that of defendant's, the difference to be paid by Mrs. Olinger, as follows: $3,000 cash and the execution of an installment note for $27,000, secured by vendor's lien and deed of trust—"each party agrees to furnish the other with a complete abstract title policy of the property to be conveyed showing merchantable title to his property which shall be conveyed free and clear of all encumbrances, * * *." By consent, plaintiff represented both parties, conducted all negotiations, prepared the contract and wrote into it the following paragraph: "Both parties hereto have been represented in this transaction by S. Porizky—as Agent. They agree that said Agent shall represent both of them and each will pay him a commission for his services as follows: First Party $1,625.00 —Second Party $125.00. Both parties agree to pay Agent's commission in full, immediately upon consummation of deal."

Plaintiff's contention, in short, is that, having produced a purchaser (by exchange) for defendant's property, with whom it entered into the exchange agreement, the deal was consummated within the meaning of the contract, and that he is entitled to commissions agreed to be paid "immediately upon consummation of deal."

In support of his contention, plaintiff relies upon the doctrine announced by the Supreme Court in Moss & Raley v. Wren, 102 Tex. 567–569, 120 S.W. 847, where the court said: "If the vendor of the land can enforce a specific performance of the contract to pay for it, then the broker has effected a sale, valid in law, and is entitled to his compensation."; and reannounced by the Fort Worth Court of Civil Appeals in Griffith v. Bradford, 138 S.W. 1072, 1073, as follows: "It is well settled that, when a real estate broker employed by the owner to sell property procures a purchaser to enter into a written contract satisfactory to the owner to purchase the property which is capable of specific enforcement, then the broker has effected a sale within the meaning of the terms of his employment, and his commission has been earned."

We are of opinion that instead of sustaining, the doctrine announced in these cases tends to defeat plaintiff's contention, in that Mrs. Olinger is unable, in a legal sense, to fulfil the obligations of the contract, and same is incapable of being specifically enforced. The abstract furnished

by Mrs. Olinger failed to exhibit a merchantable title, free and clear of all encumbrances; on the contrary, disclosed that she did not own the amount of land described in the contract, the City of University Park having previously condemned and taken three strips therefrom for street purposes, hence Mrs. Olinger was unable to make title to all the land described. Prior to and at the time he secured the signature of the parties to the exchange agreement, plaintiff was cognizant of the facts, but the record fails to disclose that he notified Mr. Waggoner, President of defendant Company, who testified that, before signing, he had no knowledge of such fact.

The abstract further disclosed that Mrs. Olinger's property was encumbered to the extent of $2,700 which she was unable to remove, and admitted her inability to consummate the deal. Although at the time of signing, Waggoner knew Mrs. Olinger's property was encumbered, but stipulated that it should be conveyed free and clear of the encumbrance, however, so far as disclosed by the record, did not know Mrs. Olinger's financial condition, and that probably she would not be able to remove the encumbrance and make the cash payment of $3,-000, although was assured by plaintiff that the encumbrance would be removed immediately. On the other hand, the defendant at all times was ready, able, and willing to perform the contract according to its terms and consummate the deal.

We cannot accept as correct the contention of plaintiff that the deal was consummated, entitling him to the stipulated commission, on the mere execution of the contract; it contains provisions inconsistent with that idea; besides, the facts otherwise show with reasonable certainty that such was not the intention of the parties. No time was fixed within which abstracts should be furnished, hence a reasonable time will be implied, but the contract does provide that within ten days from receipt of the abstract, the party receiving same shall accept title or return the abstract with written objections thereto; provided a reasonable time to cure objections, and this is followed by the provision that, should either party fail to consummate the contract for any reason except title defects, the other party may retain the cash deposit as liquidated damages for breach of the contract, after paying the agent therefrom the usual commission; or may

enforce specific performance. As no cash was deposited in the instant case, the only remedy afforded by this provision was the enforcement of specific performance, which, in view of the undisputed facts, was impossible. In addition to these indicia furnished by the contract, showing that the consummation of deal, entitling plaintiff to the stipulated commission, was not accomplished by the mere signing of the agreement by the parties, plaintiff, testifying in his own behalf, said: "The first thing I told Mr. Waggoner (President of defendant Company) when I went to see him was that this property (Mrs. Olinger's property) had a lien against it, and I told him it would be removed immediately. I didn't specify the moment * * *, but it was understood that it would be paid before the deal was closed; I represented that it (the land) would be turned over free and clear of all encumbrances. I was going to advance her some money (which he failed to do). In other words, she had a lien that had to be paid off before the deal could be completed with the United Fidelity."

We think the conclusion inescapable that, in order to recover the stipulated commission, it was incumbent upon plaintiff to show that the contract between defendant and Mrs. Olinger for the exchange of properties was actually completed by the transfer of properties, according to its terms, or else to exhibit a contract capable in law of being specifically enforced; plaintiff did neither. The deal was never consummated; Mrs. Olinger confessed her inability to comply with the terms of the contract; in a legal sense, it was impossible, and the contract exhibited was incapable of specific enforcement, due to title defect and the inability of Mrs. Olinger to remove the existing encumbrance and convey a merchantable title.

The case, in our opinion, is ruled by the doctrine announced in the following line of cases discussing the meaning of "consummation of deal," used in real estate contracts: In Morse v. Conley, 83 N.J.L. 416, 85 A. 196, the Supreme Court of New Jersey, considering a very similar question, quoting from the contract, among other things, said: "'And Mrs. E. V. Conley agrees to pay to Myron W. Morse a commission of two and a half per cent. for services in the matter of the consummation of the sale at the time of the consummation of the same.'" Because of the financial in-

ability of one of the parties, the deal was not consummated, but the seller did not attempt to compel specific performance. Disposing of the question, the court said: " * * * a broker may by special agreement with his principal, so contract as to make his compensation dependent on a contingency which his efforts cannot control, even though it relates to the acts of his principal." The court held that the broker had no cause of action for his commission. Connor v. Riggins, 21 Cal.App. 756, 132 P. 849, 851, involved a real estate exchange, as in the instant case. The court construed the correspondence as providing for the payment of the broker's commission to "effect and consummate the exchange." Denying the broker recovery, the Court of Appeals of California said: "Moreover, since the word 'consummate' means to bring to completion, and the court found that the oral agreement was to consummate an exchange of both the real and personal property of defendant, and 'that said trade or exchange * * * has never been consummated,' it would seem clear that plaintiff is not entitled to recover commissions." And in Oregon Home Builders v. Montgomery Inv. Co., 94 Or. 349, 184 P. 487, 493, was involved the question of what constituted consummation. Disposing of the matter, the Supreme Court of Oregon said: "When the contract of employment is construed as a whole, and especially when it is read in the light of the stipulation which in effect postpones the payment of the commission to such time as enough of the price is paid to satisfy the commission in the event of a contract of sale, we think that 'to consummate a deal' should be interpreted, in the contract presented here, to mean the completion and carrying out of the contract of exchange by an actual transfer of the properties."

■ As before stated, plaintiff was agent for both parties; in view of this double agency, it was incumbent upon him to fully inform both principals of every fact material to their interests. See 2 C.J. § 367, p. 713; 3 C.J.S., Agency, § 141, p. 18. We do not think plaintiff discharged this duty. Mr. Waggoner said he did not know that any part of the land had been condemned and taken for street purposes; although plaintiff said: "We all knew that these streets had been cut out of this 600 by 100 feet tract at the time the deal was made"; yet he failed to say who were included in the pronoun "we"; he should have been ex-

plicit if he intended to testify that Waggoner knew of this fact; so, in view of the denial of Waggoner and the ambiguous statement of plaintiff, we conclude that plaintiff failed to inform Waggoner of the fact. Although plaintiff said he told Waggoner that Mrs. Olinger's land was encumbered, assured him that it would be removed "immediately," yet failed to mention the chaotic condition of her finances, rendering it improbable that she would be able to remove the encumbrance, which, as subsequently developed, she was unable to do, and in this connection, plaintiff also said that he was to advance Mrs. Olinger some money ($1,500), which he failed to do, but failed to state that he was without means and would have to earn the money promised to Mrs. Olinger. In view of his double agency, we think plaintiff should have been more revealing before soliciting Waggoner to execute the contract.

■ Furthermore, we think the decision of this Court in Porizky v. Olinger, 177 S.W.2d 995, settled the law of the instant case. The proceedings in that case are before us, not only as matters of judicial knowledge, but as evidence introduced and incorporated in the statement of facts.

Porizky's suit against Mrs. Olinger was for the recovery of commissions based upon the identical contract involved in this suit, and upon similar facts. Among other things, the trial court said: "I conclude as a matter of law that the exchange contract is impossible of performance on the part of Mrs. Olinger, due to defects in title of the property described in said exchange contract as belonging to her and which she thereby agreed to convey to the United Fidelity Life Insurance Company by proper deed conveying merchantable title thereto, all of which were well known to the plaintiff Porizky before he induced her to execute and before she executed said exchange contract, and due also to his failure and refusal to advance at least $1500.00 of his commission called for in said exchange contract, and that the property described in said exchange contract as belonging to Mrs. Olinger, and which she therein agreed to convey to the United Fidelity Life Insurance Company is impossible of conveyance by her to it, that the same can never be conveyed by her to it, that she is excused from any and all further liability and obligation under said exchange contract and the plaintiff Porizky is barred from any and all recovery against

her on and under said exchange contract." On appeal to this Court, the judgment of the trial court was affirmed See No. 13,435, Sigmund Porizky v. Ethel Laura Olinger, 177 S.W.2d 995, affirmed on October 22, 1942. We are of opinion therefore that the holdings in that case necessarily rule the instant case. See the following pertinent authorities: Dossett v. Missouri State Life Ins. Co., Tex.Com.App., 277 S.W. 620; North River Ins. Co. v. Hipsher, Tex.Civ. App., 280 S.W. 328, Writ of Error Refused; Light Pub. Co. v. Keeran, Tex.Com. App., 284 S.W. 917; Rhodes v. Austin, Banking Com'r, Tex.Civ.App., 299 S.W. 921; Austin v. Hough, Mo.App. 10 S.W.2d 655; Tyner v. Keith, Tex.Com.App., 13 S. W.2d 687; In re Dancy Drainage Dist., 193 Wis. 118, 213 N.W. 885.

We have reached the conclusion that the court below did not err in instructing a verdict for the defendant, therefore its judgment is affirmed.

Affirmed.