Lloyd PHILLIPS, Appellant,

v.

E. Lillian CAMPBELL, Appellee.

No. 598.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 12, 1972.

Rehearing Denied May 3, 1972 with opinion.

Beatty Oldham, Oldham & Mills, Houston, Louis C. Abernathy, Law Offices of J. Toll Underwood, Houston, for appellant.

Charles D. Houston, Warren Conner, Conner & Odom, Sealy, for appellee.

BARRON, Justice.

This is a suit for declaratory judgment filed by Mrs. E. Lillian Campbell in the District Court of Austin County, Texas, to have a certain earnest money contract and contract of sale of realty declared null and void. Mrs. Campbell, as seller, brought suit after having executed the above contract for the sale of 280 acres of land in Austin County. The defendant, Lloyd Phillips, a licensed real estate broker, was under written contract with Mrs. Campbell to sell said land for her. The listing agreement stated that the price per acre was to be $600.00 and that $500.00 per acre was the lowest acceptable price. Payment was to be 25% down and the balance was shown to be payable in 10 years at 6% interest. A windmill was not to be included in the sale. The agreement granted Phillips an exclusive right to sell the above property for a period of 365 days from date of the contract, which date was January 7, 1970, with payment of a commission of 6% of the total consideration in the event of sale. Phillips located ready, able and willing purchasers under his above agreement, but the proposed purchasers refused to permit their names to be revealed and named Lloyd Phillips, the agent, as trustee in the contract of sale. The record is replete with testimony showing that Phillips explained this and related matters to Mrs. Campbell, who denied it, but in any event the written earnest money contract and contract of sale of the land was executed by Mrs. Campbell to Lloyd Phillips, Trustee, on December 22, 1970 without any indication of deception. The consideration was $500.00 per acre for 280 acres, payable as follows:

"$2,000.00 to be paid by Purchaser upon the signing of this Earnest Money contract. $23,000.00 to be paid by Purchaser upon the closing of said purchase, and the balance to be represented by a promissory note to be signed by Purchaser, together with interest at the rate of six per cent (6%) per annum, *payable, both principal and accrued interest in equal annual installments until fully paid.* Said note to contain the usual default and attorney's fee clauses and to be secured by vendor's lien, superior title and usual Deed of Trust lien on said property." (Emphasis added).

The sales contract, a familiar type and form of agreement, continued as follows:

"If Purchaser's attorney makes objections to said title, then Seller shall have a reasonable time not to exceed thirty (30) days from the date such objections are made known to Seller in writing, in which to cure such objections to show good title in Seller. In the event of failure to furnish good title the Earnest Money hereby receipted for is to be returned to Purchaser upon the cancellation and return of this contract, *or Purchaser may enforce specific performance thereof.*" (Emphasis added).

We cannot determine from the record when Mrs. Campbell filed this suit, but it was agreed that the cause went to trial on July 7, 1971 before the trial court, without a jury; the court rendered judgment in favor of Mrs. Campbell cancelling the contract, restoring the parties to their positions prior to execution of the contract, and holding that Phillips was not entitled to a commission by reason of the listing agreement. Judgment was signed on September 9, 1971. The trial court held that the sales contract was, *as a matter of law,* fatally defective, null, void and of no force and effect. Lloyd Phillips has appealed as appellant. Mrs. Campbell is appellee, and the parties will hereafter be referred to accordingly.

■ Contentions of the parties are somewhat unusual. Appellant contends by his nine points of error, in effect, that the trial court erred because there is no evidence to show that appellee did not know and consent to appellant's acting both as a real estate broker for appellee and as a trustee for undisclosed purchasers; because there is no evidence that appellee did not consent to the purchasers taking possession of the land prior to consummation of the sale; and because as to each of the above contentions the evidence is insufficient and against the overwhelming weight and preponderance of the evidence. Appellee, in her brief, states that the above points of error are immaterial and that none of them has any bearing upon the decision of the trial court in this case. Appellee does not deny the correctness of appellant's points of error so far as they go, but appellee concedes, both in her brief and in oral argument before this Court, that the decision of the trial court as made manifest by the judgment itself, was based upon allegations of patent ambiguity of the sales contract, rather than upon allegations of unauthorized "double agency". It is contended by appellee that the trial court did not find unauthorized double agency or render judgment based upon any point included in appellant's brief. Further, a careful review of the facts, particularly in view of Mrs. Campbell's execution of the written contract on December 22, 1970 to Lloyd Phillips as Trustee, justifies the position taken by appellee, and we hold that the evidence is factually insufficient to support such a finding of double agency, if any, or any other implied findings as above.

Appellee, rather than directly answer appellant's contentions (See Rules 419, 420, Texas Rules of Civil Procedure) contends that the earnest money and sales contract is fatally defective, null and void, because said contract is ambiguous in that it fails to provide either a schedule of payments on the proposed note, or fails to provide a period of time within which it shall be paid; fails to provide for any real estate commission to be paid; fails to specify the time when a deed containing a vendor's lien shall be made, executed and delivered; because reference to the "usual Deed of Trust lien" is fatally ambiguous; and because the contract fails to exclude the windmill mentioned in the listing agreement above outlined.

We reverse and remand the judgment of the trial court to the District Court of Austin County for a new trial.

■ There are no pleadings of fraud which might vitiate the contract. Appellee cites Bryant v. Clark, 163 Tex. 596, 358 S. W.2d 614 (1962); Botello v. Misener-Collins Company, 469 S.W.2d 793 (Tex.Sup. 1971); and Goode v. Westside Developers, 258 S.W.2d 844 (Tex.Civ.App.-Waco 1953, writ ref'd n. r. e.) in support of the trial court's judgment. We decline to apply Goode, supra, and we do not consider it to be in point. But Botello, supra, is against appellee's contentions. The Supreme Court in that case recently held that the statute of frauds does not require within the writing a statement of the consideration or terms of payment in this type of situation. It will be noted that the contract quoted above verbatim with regard to consideration, failed to specify any period of time for full and complete payment of the note

referred to. However, under this record, such failure is not important. Both the listing agreement and Mrs. Campbell's own testimony, establish that ". . . I wanted a fourth down and ten thousand a year. That is, I wanted it paid in ten years because that is, you get as old as I am, that is about as long as you would need any of it and I agreed to carry the notes for ten years." This was in effect testified to on more than one occasion. The contract itself provided for payment of 6% interest per annum with both principal and accrued interest payable in *equal* annual installments until fully paid. We hold that such testimony was competent and admissible and that it completed the terms of the sale to appellant as trustee, since it dealt only with consideration and the terms of payment. See Botello, supra; Garcia v. Karam, 154 Tex. 240, 276 S.W.2d 255 (1955); Fulton v. Robinson, 55 Tex. 401 (1881); Morrison v. Dailey, 6 S.W. 426 (Tex.Sup.1887), and other authorities. Bryant v. Clark, supra, is of no help to appellee for the reasons given in Botello, 469 S.W.2d p. 795. In that case the party who was seeking specific performance testified that he had no agreement other than as set forth in the written contract. The contract itself was incomplete in Bryant and Botello. Here it is complete with the listing agreement and the testimony of appellee herself. The trial court may not have had access to the decision in Botello when his decision was rendered.

The term "usual Deed of Trust lien" is not so ambiguous as to vitiate the contract. A deed of trust is in legal effect a mortgage with power to sell on default, and it was provided for in the contract as additional security for Mrs. Campbell. See 39 Tex.Jur.2d Mortgages and Trust Deeds Sec. 2, p. 9 (1962) and cases cited. Furthermore, parol evidence would be admissible more clearly to define the above term if it were necessary or if the term were held to be ambiguous. Absolute certainty is not here necessary, and a reasonable certainty is all that is required. See Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 459 (Tex.Com.App.1943, opinion adopted); Wilson v. Beaty, 211 S.W. 524 (Tex.Civ. App.-San Antonio 1919, writ ref'd). This and related points of error or "Counter Points in Support of the Judgment of the Trial Court" are overruled.

While we see no evidence in the record which might show that appellant was acting for both the seller and the buyers other than to complete a satisfactory sale, the general rule is that a broker may act for the buyer and seller with full knowledge and consent of both principals. See 9 Tex.Jur.2d Brokers Sec. 20, page 762 (1969). When a broker demands a commission from both parties, such is unlawful only when the broker fails to make a full disclosure to his principal. B. F. Grounds & Sons v. Summers, 95 S.W.2d 715, 716 (Tex.Civ.App.-Waco 1936, no writ); Porizky v. United Fidelity Life Ins. Co., 178 S.W.2d 157, 160 (Tex.CivApp.-Dallas 1943, writ ref'd w. o. m.). See also Jones v. Torrance, 141 S.W.2d 1007 (Tex.Civ.App.-Waco 1940, writ dism'd); Cunningham v. Price, 253 S.W. 337, 338 (Tex.Civ. App.-San Antonio 1923, writ dism'd). There has been little, if any, showing that appellant has performed any acts adverse to appellee. Of course, a broker may not secretly buy his principal's property and recover a commission from her. Texas Brokerage Co. v. John Barkley & Co., 60 Tex.Civ.App. 466, 128 S.W. 431, 433 (Tex. Civ.App.-Austin 1910, no writ). We see no evidence that such has been done, and we make the above statements in view of another trial. Also, if time of performance of the contract of sale is missing, a reasonable time is implied. See Porizky, supra, 178 S.W.2d p. 159; Mattern v. Herzog, 367 S.W.2d 312, 318 (Tex.Sup.1963).

We hold that appellant is entitled to be paid a commission as stipulated in the signed listing agreement between the parties if on another trial and upon proper and appropriate pleadings, evidence and findings the listing agreement and the ear-

nest money and sales contract and found to be valid and enforceable consistent with this opinion. Clark v. Ingram, 445 S.W.2d 780, 783 (Tex.Civ.App.-Dallas 1969, writ ref'd n. r. e.).

We find that other points raised are without merit. Further, the record is incomplete. And we have held that the evidence is insufficient to support any implied findings by the trial court of "double agency" and other matters included in points of error brought forward by appellant. On the question of factual insufficiency and overwhelming weight of the evidence we reverse and remand on appellant's points of error. Appellee's "Counter Points in Support of the Judgment of the Trial Court" have failed, and instead of demonstrating that the case should be affirmed on separate or independent grounds, such "counterpoints" have additionally demonstrated reversible error on the part of the trial court.

Reversed and remanded.

## On Motion for Rehearing

Appellee contends that we erred in our original opinion, as she states, by allowing the appellant to prevail on grounds which were not assigned as error, were not made the basis of his appeal, and which were not raised as points of error in his brief or in oral argument.

Appellant brought forward several points of error in this non-jury case. Among them were points of insufficient evidence and of overwhelming weight contending that Mrs. Campbell, appellee, knew and consented to appellant's acting both as a real estate broker and as a trustee for undisclosed purchasers. The rule is that a broker may act for the buyer and the seller only with full knowledge and consent of his principals, as discussed in our opinion. The trial court's judgment was in favor of appellee, and no findings of fact and conclusions of law were filed. Thus, we had no way of knowing the entire ground or grounds upon which the trial court relied as a basis for its judgment except by ap-

pellee's pleadings, by appellant's points of error, and by the statement of appellee in her brief, the latter of which has little or no effect or value in this type of situation. The trial court, impliedly at least, in support of its judgment found as controlling a lack of knowledge and a lack of consent by appellee to the above actions of the broker-appellant. If the trial court did find such issues against appellant, they were of controlling importance. But on appellant's points of error we held that such implied findings against appellant were not supported by factually sufficient evidence, and we reversed and remanded. This was proper in the absence of independent grounds calling for an affirmance in spite of implied findings on the above points.

In attempting to show independent grounds to support the judgment, the appellee was not successful. See Botello v. Misener-Collins Company, 469 S.W.2d 793 (Tex.Sup.1971). Thus, we reversed and remanded the case for another trial. The record also is incomplete. The unusual procedure involved causes us to make these added observations.

Appellee's motion for rehearing is overruled.