**GOODE v. WESTSIDE DEVELOPERS, Inc.**

No. 3085.

Court of Civil Appeals of Texas. Waco.

May 21, 1953.

Rehearing Denied June 11, 1953.

Stovall, O'Bryant & Stovall, Houston, for appellant.

Carl & Lee, Houston, for appellee.

HALE, Justice.

This is a suit for specific performance of a claimed contract for the purchase and sale of land. Appellant, as purchaser, alleged that the contract was signed on behalf of the seller by its duly authorized agent, J. S. Thornton, and, in the alternative, if Thornton was not authorized to act for the owner of the property in the sale thereof, that he was acting within the apparent scope of his authority as such agent when he signed the contract sued upon.

Appellee answered the suit with verified pleas of general denial, special denials and the statute of frauds as embraced in Art. 3995 of Vernon's Tex.Civ.Stats.

The case was tried before a jury. Upon the conclusion of the evidence appellee seasonably presented its motion for an instructed verdict on the ground, among others, that there was no evidence showing that Thornton had authority, either actual or apparent, to act for it in the sale of its property, but the motion was overruled and the case was submitted to the jury on two special issues. In response to such issues the jury found that (1) "J. S. Thornton, purporting to act as the agent of the owner, made an unconditional agreement with the plaintiff, Bertie Mae Goode, to sell her the land in controversy in this suit" and that (2) "J. S. Thornton, in making said agreement, if any, was acting within the apparent scope of his authority." Thereupon, appellant filed her motion for judgment on the verdict decreeing specific performance of the contract and appellee filed its motion for judgment non obstante veredicto, the latter motion being based upon substantially the same grounds set forth in its motion for an instructed verdict. After proper notice and hearing on these motions, the court overruled the motion of appellant, granted the motion of appellee and rendered judgment denying appellant any relief, other than the right on her part to withdraw from the registry of the court the sum of $500 tendered for her benefit.

Appellant says the court below erred in refusing to enter a decree of specific performance for her on the verdict of the jury and in entering judgment against her non obstante veredicto because she asserts the evidence in the case raised the issues submitted to the jury and the findings of the jury authorized and required the trial court to grant her the relief which she sought. We cannot agree with these contentions for reasons to be noted.

In order to warrant a decree of specific performance "there must be a valid concluded or completed contract—an agreement possessing the essentials of a binding obligation at law." Vol. 38, Tex.Jur., p. 649, Sec. 6 and authorities. Furthermore,

a contract for the sale of real estate is not valid or enforceable unless the promise or agreement upon which the same is based, or some memorandum thereof, is in writing and is signed by the party sought to be charged therewith or by some person by him thereunto duly authorized. Art. 3995 of Vernon's Tex.Civ.Stats. After due consideration of the entire record before us we have concluded that the instrument here sued upon does meet either of these tests.

At all times material to this suit appellee was a Texas corporation with J. S. Norman as its President. The by-laws of the corporation provided that its President should have power to enter into contracts in furtherance of its affairs with the exception, however, that the sale of business property, such as is involved in this case, must be approved by its board of directors. Appellee was the owner of the property here in controversy and of other lots situated in Ridgecrest Addition. Appellant testified that she went out to look at the property situated in Ridgecrest Addition where she met Thornton who told her in substance that Norman had several sites in the addition for sale; that she discussed with Norman the purchase of the lot here involved and agreed verbally with him to buy the same; that she went back to the addition on June 13, 1950, to make the deposit of earnest money required to close the deal but could not find Norman; and that, after talking on that occasion with Thornton and Norman's son, Thornton wrote the instrument sued upon, signed the same and she also signed it and left the earnest money therein specified with Thornton. She also testified that shortly after the agreement had been signed, Thornton advised her that Norman would not accept the same and he offered to return the $500 to her but she refused to accept it; that she then talked with Norman and he offered to sell her the south one hundred fifty feet of the property on the terms evidenced by the prior verbal agreement between them; and that she declined to agree to the change proposed by Norman.

The instrument sued upon was typewritten by Thornton, was signed by him and by appellant and was in its entirety as follows:

"June 13, 1950.

"Received of Bertie Mae Goode, the sum of $500.00 which amount represents earnest money deposit to apply on the purchase of that property described at the south one hundred eighty feet (S. 180') of Reserve 'C' Section, Ridgecrest Addition, according to the map or plat filed for record thereof in the Harris County Courthouse. The South 180 feet above described to be measured along Ridgecrest drive.

"The total purchase price of this property to be Seven-thousand Five Hundred Dollars ($7,500.00) with terms to be as follows: Down payment in the amount of $2,500.00, of which the above mentioned $500.00 deposit is a part, to be made not later than 15 days from date, and the balance of the purchase price to be paid in monthly installments of not less than $100.00 per month, beginning with August 1st, 1950, and continuing on the First day of each month thereafter until paid.

"Seller agrees to furnish a warranty deed and a Guaranty Title policy to the above described property to the purchaser and shall have 15 days from the time a title report is issued to clear any defects in title. Purchaser agrees to consummate this sale according to the above terms and conditions, and should this sale not be completed for any reason other than defect in title, or because of Seller's inability to furnish a good and sufficient title, then the earnest money herein receipted for shall be retained as and for liquidated damages.

"Taxes to be prorated as of the date of deed.

"Accepted this 13th day of June, 1950, according to terms and conditions as above stated.

"(Signed) Bertie Mae Goode
Purchaser.

"Seller
"Agent for Seller
"(Signed) J. S. Thornton"

It will be noted that the foregoing instrument does not purport on its face to

evidence any promise or agreement on the part of Westside Developers, Inc., to sell or convey the property therein described. From the evidence as a whole it appears to us that Thornton, purporting to act as agent for the contemplated seller, prepared and signed the document with the view of presenting the same to Norman in order that the latter might sign it on behalf of Westside Developers, Inc., as seller if it met with the approval of Norman and the board of directors of the corporation. But, be that as it may, the proposed contract was not signed by appellee or by Norman or by any other person as seller and there was no evidence showing or tending to show that appellee's board of directors ever authorized Norman or Thornton or any other person to sign the proposed agreement on behalf of appellee or to sell its property on the terms therein set forth. On the contrary, the undisputed evidence and the stipulation of the parties showed affirmatively that Thornton was not authorized by appellee's board of directors to sell or agree to sell the land in controversy, either for cash or on credit, or to sign any contract on its behalf for the purchase and sale of the same. In her dealings with Westside Developers, Inc., through Thornton as its agent, if any such dealings she had, appellant was charged with knowledge that the only power of Thornton as agent of the corporation to sell its realty must be derived from its board of directors. Vacarezza v. Realty Inv. Co., Tex.Civ.App., 165 S.W. 516 (er. ref.).

■■ Furthermore, the doctrine of apparent authority of an agent to bind his principal ordinarily has no application to transactions involving the sale or conveyance of land. Vol. 2, Tex.Jur. p. 451, Sec. 55 and authorities. This is so because, among other reasons, a real estate agent or broker is not usually regarded as a general agent but is considered as only a special agent whose authority is limited to finding a purchaser for his principal and as a general rule he does not have the power or authority to consummate the contemplated sale. Loma Vista Development Co. v. Johnson, 142 Tex. 686, 180 S.W.2d 922; Donnan v. Adams, 30 Tex.Civ.App. 615, 71 S.W. 580 (er. den.).

■ Moreover, the theory of apparent authority of an agent to bind his principal in any transaction, whether the same relates to realty or personalty, is bottomed upon the equitable doctrine of estoppel. Shippers' Compress Co. v. Northern Assur. Co., Tex.Civ.App., 208 S.W. 939, pts. 5–6 (er. ref.); First Texas Joint Stock Land Bank v. Holloway, Tex.Civ.App., 77 S.W. 2d 301. We find no evidence in this case which in our opinion can serve as the basis for a legal inference of estoppel against appellee to deny the authority of Thornton to bind it on a contract to sell the real estate here involved. There was no evidence that appellee or its board of directors held Thornton out as agent for that purpose, that appellant relied upon any act or representation of appellee or of its board of directors indicating such purpose, or that appellant has been injured or damaged as a result of appellee's refusal to accept or to carry out the proposed agreement of purchase and sale. Although it would not have been necessary for appellant to show injury or damage in order to invoke specific performance of a valid contract for the sale of land, we think it would have been necessary for her to show injury or damage in order to assert successfully a plea of estoppel against appellee to deny the validity of the contract sued upon. Therefore, it is our opinion that the evidence did not raise any issue of fact for the jury as to Thornton's authority, either actual or apparent, to bind appellee as the undisclosed seller under the contract here involved.

■ And finally, even though the evidence had been such as to raise either or both of the special issues which the trial court submitted to the jury, we could not say the court below abused its discretion in refusing to enter a decree of specific performance against appellee because it appears to us that the instrument sued upon was not a completed contract and that it was too indefinite and uncertain in some of its essential terms and conditions to authorize or require such decree. The proposed agreement did not specify the amount of the monthly payments that were to be made on the purchase price (except that such payments should not be less than $100 per

month) or the rate of interest that such deferred payments should bear, it did not provide when the interest was to become due and payable, what security appellant was to give for the payment of the unpaid balance of the purchase price, when the warranty deed was to be furnished or delivered by the seller, whether the warranty in such deed was to be general or special, or when possession of the property was to be given by the seller to the purchaser. There was no extrinsic evidence showing what the intention of the parties might have been with respect to these material matters and hence it must be presumed that the details relating thereto were left open for future negotiation. Under these circumstances, we do not think the trial court was authorized or required to enter any decree of specific performance. Hume v. Bogle, Tex.Civ.App., 204 S.W. 673, 674, pts. 1–2; Bean v. Holmes, Tex.Civ.App., 236 S.W. 120, pt. 3 and authorities (err. ref.); Elliott v. Brooks, Tex.Civ.App., 184 S.W.2d 929, pts. 4–5 and authorities.

Therefore, each of appellant's points of error is overruled and the judgment of the court below is affirmed.

TIREY, J., took no part in the consideration or disposition of this case.