T. W. BRYANT, Petitioner

v.

MRS. CHARLES S. CLARK, Respondent

No. A-8547.   Decided May 23, 1962
Rehearing Denied July 11, 1962
358 S.W. 2d 614

ASSOCIATE JUSTICES SMITH and HAMILTON dissenting.

*Allen & Smith,* Austin, for petitioner.

*Gay & Meyers, Coleman Gay, III,* Austin, for respondents.

ASSOCIATE JUSTICE FRANK P. CULVER delivered the opinion of the Court.

Petitioner, Bryant, brought this suit to compel specific performance of a contract entered into between him and Mrs. Clark to convey to him certain real estate situated in Travis County. The principal question in the case is whether the terms of the written contract were sufficiently certain and definite so as to warrant this character of relief. Both the trial court and the Court of Civil Appeals with one Justice dissenting have answered the question in the negative. 347 S.W. 2d 635.

The contract, after describing the property to be conveyed, provided as follows:

"Price to be $10,000.00 (Ten thousand dollars). Mr. Bryant agrees to pay $2,000.00 cash and balance at 6% interest, payments to be agreed upon by seller and buyer. We have agreed as follows: 15 annual installments as balance."

Mr. Bryant testified that he had no agreement with Mrs. Clark other than as set forth in the written contract above, but that he was ready and willing to "sign the notes".

In Langley v. Norris, 141 Texas 405, 173 S.W. 2d 454, 148 A.L.R. 555, cited by petitioner, we said that absolute certainty is not necessary, but that "the certainty required in a contract which renders it subject to an action for specific performance is a reasonable certainty." That case turned upon the construction of the language used in the written contract, rather than upon the question, as here, whether any material and basic elements of the contract are wanting. In Langley the contract provided that the vendee would purchase the land for $15.00 an acre to be paid for in cash. The vendors were to furnish title subject to an existing lien securing $4600.00. The vendors made the contention that the contract was indefinite and uncertain because it could not be said whether the grantors were obligated to pay the lien indebtedness out of the cash consideration or whether

the vendee was to pay $9300.00 cash and take the land subject to the indebtedness. The court had no difficulty in determining "with reasonable certainty" that the indebtedness was to be paid out of the cash consideration.

Mr. Bryant also relies strongly upon Wilson v. Beaty, Texas Civ. App., 211 S.W. 524 (1919), wr. ref., wherein specific performance was enforced, the court holding that the contract was certain and definite in its terms and left no reasonable doubt as to what the parties intended and no reasonable doubt of the specific thing equity was called upon to have performed. In that case the purchaser agreed to execute notes payable on or before the 15th day of December of each year with the option of paying them at any time not later than five years from the date of their execution. The court correctly held that although the number of notes was not specified in the contract that fact was immaterial and would create no uncertainty since the purchaser had the option of paying all or any part of the contract at any time before the end of the five-year term as provided in the contract. Neither of the above cases are very persuasive from the petitioners' standpoint.

The authorities generally concur in the rule announced in Wilson v. Fisher, 144 Texas 53, 188 S.W. 2d 150, although in that case the lack of certainty was with reference to the description of the property, as follows:

"In the absence of equities removing the case from the operation of the statute of frauds, which do not here exist, it is well settled that before a court will decree the specific performance of a contract for the sale of land, or entertain a suit for damages for the breach thereof, the written agreement or memorandum required by the statute must contain the essential terms of a contract, expressed with such certainty and clarity that it may be understood without recourse to parol evidence to show the intention of the parties; * * *."

Pomeroy in his Specific Performance of Contracts, 3rd ed. (1926), Sec. 159, states the rule with regard to the certainty required for specific performance to be:

"* * * its object is to procure a performance by the defendant, and this demands a *clear, definite, and precise understanding* of all the terms; they must be exactly ascertained before their performance can be enforced. * * *"

Restatement of the Law, Contracts, Sec. 370, states the rule as follows: "Specific enforcement will not be decreed unless the terms of the contract are so expressed that the court can render with reasonable certainty what is the duty of each party and the conditions under which performance is due."

We are of the opinion that the contract in question is too indefinite and uncertain to authorize a judgment of specific performance.

The contract provides for the payment of the deferred balance of the purchase price of the property in fifteen annual installments, but it contains no provision with respect to the amount of the several installments. The contract provides for 6% interest on the deferred balance, but it does not provide when the interest is payable or in what amounts.

Petitioner says it is reasonable that the "15 annual installments" were to be paid in equal amounts since it was not otherwise provided. But the question is whether it is reasonably certain that the parties so intended. They had the right to provide otherwise and not infrequently is it so arranged. Oftentimes the seller, for investment purposes, may consider it more advantageous to have the greater part of the indebtedness fall due in the last installment, and this condition might be equally desirable on the part of the purchaser for other reasons.

If, as petitioner suggests, we should hold that the parties intended to provide for payment of the deferred balance in fifteen *equal* annual installments and write that provision into our judgment, what do we then hold the parties intended with respect to interest payments and what would we write into our judgment with respect thereto? Would we provide that the interest be paid annually on the unpaid balance? Or would we amortize interest and provide that the deferred balance and interest be paid in fifteen equal annual installments? Or would we provide that the payment of interest be deferred until the last payment on principal? To require any of these methods of paying interest is to make a contract for the parties by supplying terms with respect to important subject matter of the contract which they left totally uncertain in their written memorandum. Uncertainty as to interest provisions was held to render a contract incapable of specific performance in Harter v. Morris, 72 Ind. App. 189, 123 N.E. 23. It has been so indicated in at least one Texas case. Goode v. Westside Developers, Inc., Texas Civ. App., 258 S.W. 2d 844, ref. n.r.e.

In discussing the required certainty of the contract to enable one to obtain specific performance, the Georgia Supreme Court in Williams v. Manchester Building Supply Co., 213 Ga. 99, 97 S.E. 2d 129, stated:

"* * * its terms must be such that neither party can reasonably misunderstand them. It would be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated."

Additionally, petitioner urges that a court of equity should intervene and declare specific performance for the reason that he has materially changed his position in reliance on the binding quality of his agreement by causing the land to be surveyed and the abstract brought to date at his expense and deposited $400.00 earnest money to apply on the cash purchase price. The earnest money check has not been cashed and was tendered back by Mrs. Clark. Although as further set out in the Restatement, supra: "* * * Even though subsidiary terms have been left to be determined by future agreement, if performance has been begun by mutual consent justice may require specific enforcement, the court supplying the missing terms in such a way as to assure to the defendant all advantages that he reasonably expected," nevertheless we think the expense incurred by Mr. Bryant in having the property surveyed and the abstract brought down to date would not be such performance as to warrant specific enforcement of this contract.

We are therefore of the opinion that the judgments of the courts below denying specific performance of this contract must be affirmed.

Opinion delivered May 23, 1962.

JUSTICE HAMILTON, dissenting.

I respectfully dissent.

This is a suit for specific performance of a simple contract drawn by two laymen in the handwriting of the respondent, who refused to perform. There has been no claim by allegation or otherwise that the contract was unjust or that it was procured through fraud, misrepresentation or mistake, but is merely a

case of a refusal to perform a plain, just and reasonable contract. Respondent attempts to avoid its performance by technicalities and objections not justified by the terms of the contract or upheld or countenanced by the law. Respondent's whole case is based on the affirmative defense as set out in her allegations as follows:

"Defendant says further that plaintiff is not entitled to specific performance of said alleged contract for the reason that said contract is so vague and indefinite as to the terms and conditions of the conveyance that no Court could specifically order the enforcement of said contract."

Respondent agreed to sell her lake property to petitioner for a consideration of $10,000, $2,000 cash, the balance to be paid in fifteen annual installments which are to draw interest at the rate of 6%.

This court has held that specific performance is not available to petitioner because the contract is too uncertain in that the amount of each of the fifteen annual installments was not stated, and that it was not said when the interest was to be paid. It is my opinion that this contract is not so incomplete or uncertain that it cannot readily be made clear and plain by the aid of common usage and reasonable implications of fact. This suit is an excellent example of that type of case in which a court should exercise its equitable powers in order to see that that is done which ought to be done.

While the deal was pending respondent notified petitioner that she was not going through with it for the following reasons:

"Well, I simply said that I couldn't part with my place, because it had such temperamental attachment to me. There are a lot of reasons. It means a lot to me to go out there. I can go out there and relax, and I need the place in lots of ways, because it is just so relaxing when I go out there, and when I went out there to get some of my things out * * * I just don't see how I can do it. * * *

"* * * I just love my place, and I just don't feel like I can give it up, because I think it's going to mean so much to me to keep it. My relatives all like it."

There was not the slightest hint in her testimony that there was a misunderstanding as to what the amount of each of the

fifteen installments would be or as to when the interest would be payable or any misunderstanding as to any of the terms of the contract. There was nothing in her testimony to indicate that the terms of the contract were unfair to her in any way. Her only reasons for backing out on this contract are given in her testimony as quoted above.

When respondent and petitioner provided that the balance of $8,000 would be paid in fifteen annual installments without providing for the amount of each installment, it stands to reason that they intended the installments to be in equal amounts. Likewise, by providing that the deferred payments should bear 6% interest it is only reasonable to conclude that the parties meant that such interest would be payable annually as it accrued.

This court should not entertain the proposition that the parties could have provided that the major part of the deferred indebtedness would fall due on the last installment, or that they could have provided that the payment of interest be deferred until the last payment on the principal. Neither should the court entertain the proposition that the parties could have provided that the interest would be amortized and the balance of the consideration and interest be paid in fifteen equal annual installments. The very fact that the contract contained no such provisions is why the court can conclude with reasonable certainty that the parties intended that the deferred balance of the consideration would be payable in fifteen equal annual installments and the interest would be payable annually as it accrued. It is the absence of the suppositions proposed by the court that compels this construction of the contract. The court by reaching this construction would not be making a new contract for the parties, but would be merely enforcing the obvious intent of the parties.

The case of Wilson v. Beaty, 211 S.W. 524, Texas Civ. App., opinion by Chief Justice Fly, is a leading case in Texas on the subject of specific performance. It so happens that the facts involved in that case are fairly similar to the facts of the instant case. It has been cited many times by this court and other courts on the following proposition, which we quote from the opinion:

"* * * Where a contract is in writing, is certain in its terms, is fair and just in its provisions and capable of being enforced with fairness to both parties, it is a matter for enforcement in a court of equity. * * * *

"The contract is certain and definite in its terms if it leaves

no reasonable doubt as to what the parties intended and no reasonable doubt of the specific thing equity is called upon to have performed. Pom. Eq. Jur. 764; Ward v. Stuart, 62 Texas 335; Munk v. Weidner, 9 Texas Civ. App. 491, 29 S.W. 409."

The opinion of this court quotes with approval the rule as stated in Restatement of the Law, Contracts, Par. 370, Ch. 12, p. 673, as follows:

"Specific enforcement will not be decreed unless the terms of the contract are so expressed that the court can determine with reasonable certainty what is the duty of each party and the conditions under which performance is due."

However, a comment of the Restatement under that paragraph can be very helpful to a court in applying the rule. I quote:

"* * * The usual aids to interpretation will be availed of by the court, just as in the case of enforcement by other remedies. Expressions that at first appear incomplete or uncertain are often readily made clear and plain by aid of common usage and reasonable implications of fact. *Apparent difficulties of enforcement due to uncertainty of expression may disappear in the light of courageous common sense.*" (Emphasis added.)

I particularly approve of the last sentence of that comment.

To say that "fifteen annual installments" as used in this contract cannot be determined with reasonable certainty to mean "equal" annual installments is like saying that where a man is employed for a salary of $12,000 per year payable monthly that it cannot be determined with reasonable certainty that the monthly payments are to be equal.

If this court cannot say with reasonable certainty that the provision in the contract for "6 per cent interest on the balance" means the interest is payable annually, then the banks and savings and loan associations are wasting money on advertising for time deposits and savings accounts. It is common knowledge that they advertise in newspapers, on the radio, television and on large billboards up and down the highways that "We pay 4% on savings." Never a word is said about payment being made annually—but is there any question about the public understanding that the interest is payable annually? From common usage, whenever provision is made for the payment of interest and

nothing said about when it is payable, it is understood to be payable annually.

I do not regard the following authorities cited in the court's opinion in support thereof as being very helpful, because the fact situations involved are so different from the facts of the instant case.

In the case of Wilson v. Fisher, 144 Texas 53, 188 S.W. 2d 150, the court refused to enforce specific performance because the description of the property in the written memorandum was deficient. The only description of the property was "brick duplex & garage apt located at 4328-30 Cedar Springs * * *. Room at back not included." The court said:

"* * * No city, county or state is mentioned in connection with its location. No lot or block number is given nor is there any indication as to the amount of land. No description by any particular name appears. Moreover, the instruments show that it was intended that a portion of the property was reserved from the sale, but the part which was to be included and that to be reserved is not shown."

In the case of Harter v. Morris, 72 Ind. App. 189, 123 N.E. 23, the alleged contract contained the following:

"* * * I am to give you a first mortgage of $1,800 on the land drawing 6 per cent. from date of closing, said note to mature January 21st, 1913, and to provide the usual prepayment privileges."

The court held that the complaint in the suit was insufficient to withstand a general demurrer, stating:

"* * * We are not prepared to say what such usual prepayment privileges are."

It will be noted that the court was not disturbed by what was meant by the phrase "drawing 6 per cent" contained in the provision "first mortgage of $1,800 on the land drawing 6 per cent".

In Williams v. Manchester Building Supply Company, 213 Ga. 99, 97 S.E. 2d 129, the court refused to enforce by specific performance a contract to sell a tract of land containing 1101.87

acres, which contained a reservation granting "seller the right to reserve the home house where the seller now lives, together with Fifty (50) acres of said land lying East of said House and Fifty (50) acres of said land lying West of said house. The house and the said One (100) acres of land to be particularly designated by a survey to be completed at a later date." The court said that this reservation made the contract so vague, uncertain and indefinite as to be incapable of enforcement.

In the case of Goode v. Westside Developers, Inc., 258 S.W. 2d 844, Texas Civ. App., writ refused, n.r.e., the court refused to enforce specific performance because the contract was not signed by the owner, nor did the agent purporting to sign for the seller have any authority to execute the contract for the owner. However, the court did go ahead to say by way of dicta, in effect, that since the contract did not state the rate of interest which the deferred payments would bear it was presumed that the details relating thereto were left open for future negotiation, and for this reason the trial court did not abuse its discretion in refusing specific performance.

No case has been found which supports the proposition that specific performance will not be enforced on such highly technical grounds as are relied on in this case. The court can with reasonable certainty determine the intent of the parties and ought to give the petitioner the relief prayed for.

I would reverse the judgment of the Court of Civil Appeals and remand the case to the trial court with instructions to grant petitioner's request for specific performance.

ASSOCIATE JUSTICE SMITH joins in this dissent.

Opinion delivered May 23, 1962.