**L. P. BOTELLO, Appellant;**

v.

**MISENER–COLLINS COMPANY, Ltd.,
Appellee.**

**No. 14910.**

Court of Civil Appeals of Texas,
San Antonio.

Nov. 25, 1970.

Rehearing Denied Dec. 31, 1970.

Lang, Cross, Ladon, Boldrick & Green, San Antonio, Morales & Morales, Laredo, for appellant.

Hall & Zaffirini, Laredo, for appellee.

KLINGEMAN, Justice.

Appellant, L. P. Botello, appeals from a summary judgment decreeing that a purported contract between appellant and appellee dated June 25, 1968, is void and unenforceable, and that appellant take-nothing against appellee on his action for specific performance and damages.[1]

---

1. In the original suit in the trial court, Billy Marie Co., Inc., was plaintiff, Misener-Collins Co., Ltd., was defendant and cross-plaintiff, L. P. Botello was a cross-defendant, and Grace Misener was intervenor. The trial court severed the cause of action of Billy Marie Co., Inc., against Misener-Collins Co., Ltd., from the case before us and intervenor's claim was held to be moot.

Appellant's first point of error is that the trial court erred in sustaining appellee's motion to strike the exhibits attached to appellant's motion for new trial and to vacate judgment. The hearing on the motion for summary judgment was held on January 5, 1970. On February 18, 1970, the trial judge wrote all of the attorneys involved, stating that the court was of the opinion and found that there was no valid and enforceable contract between appellant and appellee, and that summary judgment should be granted in conformity with such finding. Such summary judgment was rendered and signed on the 9th day of March, 1970. Under date of March 17, 1970, appellant filed a pleading designated as "Motion for New Trial and Motion to Vacate Judgment" and attached to such motion two new affidavits and a purported letter agreement. There are no allegations in such motion that knowledge of the existence of such evidence was acquired subsequent to the trial and that it was not due to want of diligence that such evidence was not discovered in time to be used when the case was tried. Appellee's motion to strike such exhibits was granted by the court on April 1, 1970.

█ The affidavits and exhibit filed by appellant and attached to his motion for new trial came too late as the court is charged with the duty only of considering the record as it appears before the court at the time of the hearing on the motion for summary judgment. General Motors Acceptance Corp. v. Musick, 379 S.W.2d 297 (Tex.1964); Womack v. I. & H. Development Co., 433 S.W.2d 937 (Tex.Civ.App. —Amarillo, 1968, no writ); Medina v. Sherrod, 391 S.W.2d 66 (Tex.Civ.App.— San Antonio 1965, no writ); Lawyers Surety Corp. v. Investors Mutual of Nueces, Inc., 353 S.W.2d 882 (Tex.Civ. App.—San Antonio 1962, writ ref'd n. r. e.); Dipp v. Rio Grande Produce, Inc., 330 S.W.2d 700 (Tex.Civ.App.—El Paso 1959, writ ref'd n. r. e.); Oaxaca v. Lowman, 297 S.W.2d 729 (Tex.Civ.App.—El Paso 1956, writ ref'd n. r. e.); Rule 166–A(c),

Texas Rules of Civil Procedure. The trial court did not err in striking such affidavits and exhibit, and appellant's point of error No. 1 is overruled.

By two points of error, appellant urges that the trial court erred in declaring the contract between appellant and appellee void and unenforceable, and in decreeing that appellant take-nothing on his cross-action against appellee for specific performance and damages.

The contract held to be void and unenforceable is dated June 25, 1968, and purports to be a contract between appellee, as seller, and appellant, as buyer, covering real property in Webb County, Texas. The contract is signed by appellant, and is also signed by Emilio Chito Davila, as attorney for appellee. There is attached to appellant's first amended original answer and cross-action a photostat copy of a check dated June 25, 1968, in the amount of $5,000.00, signed by appellant, payable to R. E. Misener, which check bears the notation 60 day option. There is no evidence in the record that such check was ever cashed, nor is there a prayer for the return of same.

It is appellee's contention that such contract is void as a matter of law for want of certainty in that the terms of payment of the deferred purchase price were nowhere specified or otherwise defined. The only provisions in such contract regarding the payment of the purchase price are as follows:

"2. The purchase price is $200,000.00 payable as follows: $5,000.00 cash, of which Buyer has deposited with the undersigned agent $5,000.00 as part payment, receipt of which is hereby acknowledged by agent, EMILIO CHITO DAVILA.

Any note or notes for deferred purchase money shall be secured by vendor's lien and deed of trust with power of sale and with the usual covenants as to taxes, insurance and default."

"4. * * * and Buyer agrees upon presentation of the deed to pay any balance of cash payment and execute the note or notes and deed of trust, delivery of them to be made at the time of delivery of the deed."

Appellee asserts that the trial court correctly interpreted the contract of June 25, 1968, as contemplating a deferred payment of a portion of the purchase price and correctly held the contract to be unenforceable as failing to comply with the Statute of Frauds,[2] under the authority of Bryant v. Clark, 163 Tex. 596, 358 S.W.2d 614 (1962). In Bryant it was held that a contract for sale of realty which provided for the payment of the deferred balance of the purchase price in fifteen annual installments, with interest at the rate of 6% per annum, but containing no provisions as to the amount of installments or mode of payment, was too indefinite and uncertain to authorize a judgment for specific performance. Appellee further asserts that the court correctly held that appellant take-nothing under its action for damages in that a contract that is unenforceable under the Statute of Frauds is not susceptible to enforcement either by specific performance or in damages.

Appellant maintains that Bryant v. Clark is not in point because Bryant v. Clark involved an installment contract, while the contract before us does not, and asserts that a reasonable construction of such contract is that it provides for a cash purchase price in full. He also asserts that Bryant v. Clark is properly not the law in Texas today and has been modified by subsequent opinions, and cites in support thereof Wheeler v. White, 398 S.W.2d 93 (Tex.1965) and King v. Brevard, 378 S.W.2d 681 (Tex.Civ.App.—Austin 1964, writ ref'd n. r. e.). Appellee further asserts that even if the contract is not definite enough to be specifically enforced, it is sufficiently definite to support an action for damages, relying on Wheeler v. White, supra, in support of this contention.

In our opinion, the contract here involved clearly calls for and contemplates a deferred payment of the balance of the purchase price over and above the recited cash payment. The contract, after providing for $200,000.00 purchase price, calls for a cash payment of $5,000.00, and further provides that any note or notes for deferred purchase price money shall be secured by a vendor's lien and deed of trust. The contract contains no provision whatsoever as to the method of payment of the deferred balance, either as to length of term, rate of interest, or otherwise. As such, it comes within the holding in Bryant v. Clark to the effect that it is too indefinite and uncertain to authorize a judgment of specific performance. See also Goode v. Westside Developers, 258 S.W.2d 844 (Tex.Civ.App.—Waco 1953, writ ref'd n. r. e.); Bean v. Holmes, 236 S.W. 120 (Tex. Civ.App.—El Paso 1921, writ ref'd); Hume v. Bogle, 204 S.W. 673 (Tex.Civ.App.— Austin 1918, no writ); 81 C.J.S. Specific Performance § 35, p. 499; 52 Tex.Jur.2d, Specific Performance § 37, p. 560. We do not agree with appellant's contention that Bryant v. Clark is not the law in the State of Texas today, nor do we agree with his contention that in order to come under the Bryant v. Clark rule, the contract must be an installment contract.

Nor will the contract support an action for damages. Appellant relies on Wheeler v. White, supra, in this regard. However, Wheeler did not involve a contract for the sale of real estate and did not come within the provisions of the Statute of Frauds.[3] In our opinion, Wilson v.

---

2. Article 3995, Vernon's Annotated Civil Statutes; Sec. 26.01, Business and Commerce, Vernon's Annotated Civil Statutes.

3. Concurring opinion, 398 S.W.2d p. 98: "There are Texas cases in which damages

have been denied after a holding that the contract was not specifically enforceable. See, e. g., Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150 (1945); Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624,

Fisher, 144 Tex. 53, 188 S.W.2d 150 (1945) is controlling in this regard, wherein it is stated: " * * * it is well settled that before a court will decree the specific performance of a contract for the sale of land, or entertain a suit for damages for the breach thereof, the written agreement or memorandum required by the statute must contain the essential terms of a contract, expressed with such certainty and clarity that it may be understood without recourse to parol evidence to show the intention of the parties; * * *." See also Nash v. Conatser, 410 S.W.2d 512 (Tex. Civ.App.—Dallas 1966, no writ); Alworth v. Ellison, 27 S.W.2d 639 (Tex.Civ.App.—Eastland 1930, writ ref'd)[4]; and Bean v. Holmes, supra.

Finding no error, we affirm the judgment of the trial court.

On Motion for Rehearing.

BARROW, Chief Justice.

I respectfully dissent. It cannot be said that the contract of June 25, 1968, provides, as a matter of law, for deferred payments so as to bring this case within the rule set forth in Bryant v. Clark, 163 Tex. 596, 358 S.W.2d 614 (1962). The contract in *Bryant* expressly provided for "15 annual installments." In Goode v. Westside Developers, 258 S.W.2d 844 (Tex.Civ.App.—Waco 1953, writ ref'd n. r. e.) the contract sued on provided for the "balance of the purchase price to be paid in monthly installments."

The sales contract sued on herein is on a printed form. Paragraph "2" thereof sets forth the consideration. Inserted in this paragraph is "$200,000" as the purchase price, and the figure "$5,000" is inserted as the cash payment as well as the part payment. Significantly, although ample space is provided therefor in the form, nothing was inserted by the parties regarding a deferred payment. The provision regarding "any note or notes for deferred purchase money" referred to in the majority opinion is a part of the printed form. It is shown by affidavits filed herein that seller's accountant was to recommend the method of payment. Inferentially at least, the balance could be paid at time of closing if seller's accountant so recommended. There is evidence that the buyer had made financial arrangements to pay the entire purchase price, if requested by seller. See Fleischer v. Levenson, 418 S.W.2d 581 (Tex.Civ. App.—San Antonio 1967, writ ref'd n. r. e.). The above printed provision would not be inconsistent with such a payment.

In Garcia v. Karam, 154 Tex. 240, 276 S.W.2d 255 (1955) our Supreme Court recognized as settled law that the Statute of Frauds does not require that the consideration in a contract for the sale of realty be expressed in writing. Such rule was reaffirmed in Dracopoulas v. Rachal, 411 S. W.2d 719, 722 (Tex.1967). See also Brevard v. King, 400 S.W.2d 576 (Tex.Civ. App.—Austin 1966, writ ref'd n. r. e.).

An almost identical contract was upheld in Bleeker v. Morrison, 458 S.W.2d 709 (Tex.Civ.App.—Eastland 1970, no writ). Although it was urged that the contract violated the Statute of Frauds because it did not set out the details of the manner of payment of the total consideration.

118 A.L.R. 1505 (1938); and Alworth v. Ellison, 27 S.W.2d 639 (Tex.Civ.App. 1930, writ refused). In each of these cases, however, the contracts were held to be within the Statute of Frauds and not enforceable for that reason in a suit for damages. 1 Williston, Contracts § 16 (Rev.ed.1936). The contract here in question is not within the Statute of Frauds and will support an action for damages."

4. "If the contract is insufficient it not only precludes recovery for specific performance but also for damages for the breach thereof. This is true because an 'action for damages for the breach of a contract is, in effect, an action for its enforcement, and the statute, in denying an action for its enforcement, likewise denies an action for damages for its breach.' Alworth v. Ellison, Tex.Civ. App., 27 S.W.2d 639, 640, writ refused." Wilson v. Fisher, supra.

The contract involved herein does not show on its face that it is unenforceable under the Statute of Frauds. I would reverse the summary judgment and remand the cause for trial on the merits.