Louis GEX, Appellant,

v.

Newton H. FOSTER, Appellee.

No. 8360.

Court of Civil Appeals of Texas, Amarillo.

April 30, 1973.

Rehearing Denied June 4, 1973.

Sheehan & Dubuque, Inc., Louis T. Dubuque, Dumas, for appellant.

Fike & Hunter, William Hunter, Dalhart, for appellee.

JOY, Justice.

This is a suit to construe and enforce a contract for a real estate commission. The plaintiff is claiming that he is entitled, under the contract, to interest on the deferred portion of the real estate commission. The trial court, sitting without a jury, held that the plaintiff should recover from the defendant the sum of $11,250.00 with 6% interest per annum to accrue on the unpaid balance. The defendants have here appealed. Affirmed.

The plaintiff, Newton H. Foster, was a licensed realtor at all times during the course of his dealings with the defendant, Louis Gex. There is evidence that defendant requested that plaintiff find a purchaser for his land. Plaintiff found such purchaser and on or about May 20, 1970, a contract of sale was executed between Louis Gex, seller, and Alex Stafford, purchaser. It provided for the sale of defendant's land to Alex Stafford for $250,000.00, to be paid $25,000.00 cash down payment and the seller to finance the remaining $225,000.00 payable in ten equal annual

payments bearing 6% interest per annum. This contract further provided that:

/s
"Newton H. Foter (sic), Agent is due a commission from Seller of $12,500.00 and is to be paid by Seller at the rate of 5% of each cash principal payment over the 10year (sic) period. Seller shall issue Newton H. Foster a note and Deed of Trust seting (sic) out these terms, covering the above described land. Said note shall draw 6% interest per annum."

Even though Alex Stafford had signed this first contract, he contended the financing provisions were unsatisfactory and a new contract was negotiated and executed October 13, 1970. This new contract, which is the instrument in controversy, first sets forth the parties to this sale of real estate. There is then a paragraph describing the properties to be sold. Included within this paragraph is a sentence which has been deleted. It read as follows:

"Newton H. Foster, Agent, is to receive a commission of 5% of the total sale price and Seller agrees to sign a note and assign a part of the deed of trust to said agent."

Following this deletion there was the language that:

"Said note shall bear interest at the rate of 5% interest on unpaidbalance (sic). The term of the note shall run on orbefore (sic) 15 years."

The next paragraph sets forth the purchase price as $100.00 per acre, according to the abstracted acreage, and the terms by which the purchaser is to pay this amount. The terms, in part, provide for a $25,000.00 down payment and the seller to finance the remaining $225,000.00 payable in 15 equal annual payments bearing 6% interest on unpaid balance. The next three sections, Title, Closing and Taxes, are merely printed in this standard form contract and are not pertinent to this suit. The last section, titled Special Conditions, states:

"Possession, closing and $25,000.00 shall be paid on or before January 1, 1971. Purchaser takes title to said property subject to easements, rights of ways, Oil and Gas Leases and prior mineral reservations of record in Dallam County, Texas. *Newton H. Foster, Agent, is due a commission from seller of $12,500.00 and is to be paid by seller at the rate of 5% of each cash principal payment over the 15 years period.*" [1]

The land sale was completed according to its terms. The defendant paid the plaintiff $1,250.00 which was to represent 5% of the cash that defendant had obtained from Alex Stafford. Approximately one year later, defendant tendered a $737.00 check, representing 5% of the cash principal payment made by Alex Stafford. Plaintiff accepted the check only as evidence of tender, not as payment, claiming that interest was due. As a result of the refusal by defendant to pay such interest, this suit arose.

The defendant has brought this appeal upon four assignments of error. He contends that the contract was not ambiguous and should not be construed to give plaintiff any interest on his deferred commission and that there was no evidence of any mutual mistake. He further contends that even if interest is due, the payments were to be paid out of a fund to be created in the future, and thus a condition precedent to plaintiff receiving any money. Defendant finally contends that the court erred in determining the method of payment of interest, as the provisions of the contract were too indefinite and too uncertain to authorize any judgment for the payment of interest.

The record does not indicate that findings of fact and conclusions of law were filed or requested by either party. In the absence of any findings of fact, it must

---

1. Emphasis ours unless otherwise noted.

be presumed upon appeal that the trial court resolved all issuable facts in support of the judgment appealed from, and if there is proper evidence in the record to sustain the judgment on any theory raised by the pleadings, it should not be disturbed upon appeal. American Guardian Insurance Company v. Rutledge, 404 S.W.2d 847 (Tex.Civ.App.—Tyler 1966, no writ); Williams v. Bankers Fire and Marine Insurance Co., 277 S.W.2d 742 (Tex.Civ.App.—Waco 1955, writ dism'd). Nevertheless, it should be noted that even though no findings of fact and conclusions of law were made, the trial court did give reasons for its holding; however, "(t)he law is well settled that an appellate court will sustain the judgment of the trial court if it is correct on any theory of law applicable to the record, regardless of whether or not the trial court gives the correct legal reason for its judgment, or gives any reason at all." Wilson v. Whitaker, 353 S.W.2d 945, 947 (Tex.Civ.App.—Houston 1962, no writ). Plaintiff has alleged in his petition ambiguity and mutual mistake. If there is evidence to support the trial court's judgment under either theory, then this court will not disturb such judgment.

█ Whether or not an ambiguity exists within a written instrument is a question of law. The contract here involved is ambiguous. It contains language at the conclusion of the description of the properties to the effect that:

"Said note shall bear interest at the rate of 6% interest on unpaidbalance (sic). The term of the note shall run on orbefore (sic) 15 years."

There is no mention of any specific note as such within the contract. There is, however, an amount of $225,000.00 deferred over a 15 year period at 6% interest on the unpaid balance owed by Alex Stafford to defendant as part payment of the purchase price. The contract also provided for $12,500.00 to be paid by defendant to plaintiff at the rate of 5% of each cash principal payment over the same 15 year period with no mention of any interest. The ambiguity arises in determining to what "*said*" note this phrase is referring. There is also a question as to when the interest is payable and in what amounts.

█ Defendant has argued that the above language referred to the note mentioned in the deletion which read:

"Newton H. Foster, Agent, is to receive a commission of 5% of the total sale price and Seller agrees to sign a *note* and assign a part of the deed of trust to said agent,"

and since this sentence was omitted there is nothing to which this ambiguous phrase refers and is thus surplusage to be stricken as being unnecessary. We do not agree. This phrase was left in the contract for some purpose. It would have been a simple matter to have continued the deletion if it was not intended for this phrase to remain. The law is well settled that all parts of a contract must be given effect if it is reasonably possible to do so. Nevels v. Harris, 129 Tex. 190, 102 S.W.2d 1046 (1937); Williams v. J. & C. Royalty Co., 254 S.W.2d 178 (Tex.Civ.App.—San Antonio 1952, writ ref'd).

█ Due to the ambiguity of this contract, extrinsic evidence may be considered in order to determine the intent of the parties. There was sufficient evidence to support the fact that the first contract entered into by the parties provided for defendant to pay 6% interest per annum on the deferred real estate commission to plaintiff. After this first contract, there were no conversations between plaintiff and defendant concerning interest on these deferred payments. The second contract was then drawn up and contained the language as described above. Plaintiff testified in effect that the "said" note referred to the delayed real estate commission and that it was intended that an interest rate of 6% per annum was to accrue and be paid annually on the unpaid balance. This evidence is sufficient to sustain the trial

court's interpretation as to the intent of the parties. It is further recognized that this interpretation of the contract allowing plaintiff interest on his deferred real estate commission is in accord with normal business practice and coincides with defendant's receipt of interest on the purchase price which has been financed by him over a 15 year period.

The judgment of the trial court read in part as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that plaintiff, Newton H. Foster, do have and recover of and from the defendant, Louis Gex, the sum of $11,250,00, (sic) payable as follows:

1. The sum of $750.00 with $675.00 interest, being the principal and interest owing on said commission agreement due January 3, 1972, with interest on said sum from January 3, 1972 at six percent per annum, being $70.27, making a total amount of $1495.27, which said amount shall bear interest from the date of this judgment at six percent per annum;

2. The balance of $10,500.00 shall be payable in 14 annual installments of $750.00 each, with interest thereon at the rate of six percent per annum from the 3rd day of January, 1972, with the first payment of $750.00, with six percent interest per annum, payable on or before January 3, 1973, with like payments of $750.00, plus accrued interest, on or before the 3rd day of January in each year until the entire principal and all interest has been paid."

The defendant claims that the contract is too indefinite and too uncertain to authorize this judgment or any judgment for the payment of interest and sets forth Bryant v. Clark, 163 Tex. 596, 358 S.W.2d 614 (1962) as authority. In that case the court noted that the contract was silent as to when the interest was payable or in what amounts. There was also no testimony to explain the interest provision contained in the contract. In the present case, there was oral testimony which indicated that plaintiff was to receive his money and interest on the unpaid balance annually. Thus, the indefinite and uncertain language was explained to the extent that a contract sufficiently specific in its terms was shown to exist and the judgment of the trial court correctly reflects such contract as explained. Phillips v. Campbell, 480 S.W.2d 250 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.). The reasons given by defendant for changing the first contract are: (1) That the financing was unsatisfactory to purchaser and (2) that no lien was to be retained in support of the commission payments. No change was indicated in regard to interest on the deferred commission payments.

Finally, defendant has argued that these payments were to be paid out of a fund to be created in the future, and therefore, a condition precedent exists to plaintiff receiving any money. This argument is in direct contradiction to the very words of the contract. "Newton H. Foster, Agent, is due a commission from seller of $12,500.00 and is to be paid by the seller *at the rate of* 5% of each cash principal payment over the 15 years period." This language does not refer to the source of the payment, but to the amount of each payment. It provides for a commission of $12,500.00 which constitutes the debt owed by defendant to plaintiff. It then sets forth the amount of each installment by referring to a percentage of an ascertainable amount. Thus, the term "at the rate of" determines the amount to be paid annually without reference to any source from which it is to be paid.

The judgment of the trial court is affirmed.